Brandeis Machinery & Supply Co., Plaintiff-Appellee, v. C. A. McNeely General Contracting & Equipment Company, Inc., Defendant-Appellant.

Term No. 58-F-15.

Fourth District.

May 23, 1958.

Released for publication October 6, 1958.

Russell H. Classen, of Belleville, for appellant.

Burnside & Dees, of Vandalia, for appellee.

PRESIDING JUSTICE CULBERTSON delivered the opinion of the court.

This is an appeal from a judgment of the Circuit Court of Fayette county in a replevin action granting the plaintiff company the right of possession of property described in the complaint.

The replevin action was instituted by complaint and affidavit in the usual form and motion to dismiss was filed by defendant, asserting that the complaint was insufficient for the reason that it failed to show how and by what reason defendant was wrongfully detaining the property consisting of a boom and trailer. The motion to dismiss was denied. Defendant thereafter filed a further motion to dismiss, stating that the complaint was insufficient for the reason that if judgment was to be recovered on an oral agreement the complaint fails so to state, or in the alternative, if judgment was sought on a written agreement that the complaint was insufficient in failing to attach a copy of the written agreement or so much thereof as is relevant under the statute. That motion was also denied, and a default order was entered as against defendant. Thereafter defendant filed a motion to dismiss the entry of the default order on the ground that plaintiff failed to show how it was entitled to possession, and that the complaint was insufficient in failing to attach as a pleading any written instrument upon which it was based. The court set aside such default and or-

dered the defendant to file an answer, which was done by defendant, and in the answer defendant denied that it had wrongfully detained the boom and trailer and denied that the plaintiff was entitled to possession of it, and also denied that plaintiff requested and demanded the return of the property. A jury trial was had in the case and the jury found that plaintiff was entitled to possession of the chattels.

On appeal in this case it is contended that the judgment should be reversed for the reason, (first) that the complaint failed to state a cause of action in failing to set forth any specific facts as to how defendant wrongfully detained the boom and trailer; (second) that the complaint failed to show that plaintiff offered to return the notes mentioned in the conditional sales contract before making a demand for the return of the boom and trailer; (third) that the evidence fails to show that demand was made for the chattels; and (fourth) that the court erred in permitting the contract to be introduced in evidence because no copy of the written agreement was attached to the pleadings.

■ The motion made by defendant in this proceeding was apparently made under the provisions of Section 45 of the Civil Practice Act [Ill. Rev. Stats. 1957, ch. 110, § 45]. Under this Section, motions are required to specify the insufficiency of the pleadings attacked and any error resulting from any ruling upon any such motion is waived by pleading over (Swift & Co. v. Dollahan, 2 Ill.App.2d 574).

■ Even though the complaint was imperfect and subject to motion to dismiss, but actually contains such information as reasonably informs defendant of the nature of the claim, it will support a judgment based thereon (Parrino v. Landon, 8 Ill.2d 468; Wagner v. Kepler, 411 Ill. 368, 371).

■ The case of Lasko v. Meier, 394 Ill. 71, cited by defendant is not a precedent for defendant's posi-

tion since in that case the judgment was affirmed even though the complaint had no express allegation of negligent conduct on part of defendant. The record shows in this case that the chattel property involved was sold by the plaintiff to defendant under a conditional sales contract, admitted in evidence, which by its terms provided for retention of title in the seller, until full payment of the purchase price. It also provided, in event of default, violation, or bankruptcy, that seller might retake possession and retain all sums theretofore paid, or at its election, rescind the contract selling the property and recover the deficiency, if any, from the buyer. The remedies are made optional, successive, or concurrent. No notes were offered in evidence, nor was there any evidence that plaintiff either before or after taking the property, elected to rescind the conditional sales contract. The record shows that defendant was in default and that a demand was made. It cannot, therefore, be said that the findings of the jury were manifestly against the weight of the evidence as contended by defendant on appeal in this court.

The so-called defects or imperfections argued on appeal, if of any significance, were waived by pleading over. The allegations of the complaint were more than adequate to reasonably inform defendant of the nature of the claim and were sufficient to support a judgment based thereon.

The verdict of the jury was proper and the judgment based on such verdict should be affirmed.

Judgment affirmed.

BARDENS and SCHEINEMAN, JJ., concur.