HARPER, A MINOR, APPELLANT, *v.* HENRY, APPELLEE.*

(No. 2844—Decided March 24, 1959.)

---

*Motion to certify the record overruled, July 1, 1959.

*Messrs. Hart & Hart,* for appellant.
*Messrs. Black, McCuskey, Souers & Arbaugh,* for appellee.

McCLINTOCK, J.   This is an appeal on questions of law from a judgment of the Court of Common Pleas of Stark County.  We will refer to the parties as they were designated in the court below, to wit, Steven Harper, plaintiff, and Theodore C. Henry, defendant.

Plaintiff's petition, in brief, is as follows:

"Plaintiff, Steven Harper, is a minor of the age of eight years, and brings this action by his father and next friend, Virgil S. Harper.

"Plaintiff says that the defendant and his wife, Dorothy C. Henry, are, and were at all times hereinafter mentioned, the owners of a residence property at 122 Saratoga Avenue, N. W., Canton, Ohio, which street runs in a north-south direction, their said property being located on the east side thereof; that all of said street and property are located outside of the corporate limits of any municipality.

"Plaintiff says further that in front of the home and residence of the defendant, and to the west thereof, is located a grass lawn which extends to a public sidewalk running along the west side of such lawn space.  Plaintiff says that the aforesaid sidewalk was constantly and frequently used by members of the public for pedestrian travel and is and was at all times herein mentioned further used by riders of bicycles, all of which use and travel was within the knowledge of the defendant herein on June 2, 1956.

"Plaintiff says that on Saturday, the 2nd day of June, 1956, at about the hour of 7:15 p. m., the defendant herein was engaged in mowing the lawn in front of his home, using for such purpose a mechanical device known as a rotary power mower, which mower was equipped with a motor upon the lower end of the shaft of which was located a propellor blade for the purpose of cutting grass and which, when in use, revolved at an approximate speed of 3,000 revolutions per minute; that said mower had a metallic case partially surrounding the moving parts thereof, which extended to a point approximately two inches above the ground.

"Plaintiff says that at the time and place aforesaid the minor plaintiff herein was riding a bicycle in a northerly direction along the sidewalk in front of the residence of the defendant, and that while he was so doing the defendant, without ascertaining whether anyone was present on such sidewalk, suddenly and without previous warning propelled the aforesaid rotary mower from his grass lawn onto and over such public sidewalk directly in the path of the bicycle being ridden by the minor plaintiff, causing said power mower to strike such bicycle and throw the vehicle off balance in such manner as to cause said minor to fall to the sidewalk in close proximity to the mower and at a point where his left hand and arm were introduced into the moving blade of said mower, causing the painful, severe, and permanent physical injuries hereinafter described.

"Plaintiff further says that such physical injuries and attendant damages to him were due solely, directly, and proximately to the carelessness and negligence of the defendant in the following particulars, to-wit:

"1. In driving and propelling a rotary power mower onto and over a public sidewalk without first ascertaining whether such operation could be accomplished with safety to others using such sidewalk at said time and place, and especially the minor plaintiff herein.

"2. In failing to observe the presence of the minor plaintiff in the immediate vicinity of the aforesaid operation, before running such mower onto said public sidewalk.

"3. In failing to warn the minor plaintiff of defendant's intention to cross said sidewalk in front of the bicycle being ridden by the plaintiff.

"4. In failing to change the course of said mower in time to avoid striking the bicycle ridden by plaintiff.

"5. In guiding said power mower directly into the path of a bicycle being ridden by the minor plaintiff and against said bicycle causing plaintiff to be thrown to the ground near said mower while in operation.

"6. In operating an instrumentality known as a power mower with a blade revolving at approximately 3,000 revolutions per minute in the close proximity of a minor aged eight years of age.

"7. In operating a device with a guard insufficient to prevent the introduction of a member of minor plaintiff's body into said revolving blade, when he was thrown to the ground in close proximity thereto.

"8. In failing to turn off the motor of said mower in time to prevent plaintiff having his hand, arm and wrist introduced into same."

Plaintiff claims that as the result of the negligence of the defendant he sustained various injuries, and prays judgment against the defendant in the sum of $100,000 and costs.

To this petition defendant filed an answer which is as follows:

"Now comes the defendant and for his answer to the petition of the plaintiff admits the ownership and location of the property at 122 Saratoga Avenue, N. W., Canton, Ohio, as alleged in the petition; admits that a grass lawn is located in front of the house upon such property; and that on or about June 2, 1956, the defendant was engaged in mowing the lawn in front of his home with the use of a rotary power mower.

"Further answering, defendant admits that a bicycle operated by the plaintiff in this cause ran into and against the power mower operated by the defendant, but the defendant denies that the plaintiff was injured and damaged in the manner, for the causes or to the extent alleged in his said petition. Further answering defendant denies each and every allegation in plaintiff's petition contained save those hereinbefore specifically admitted to be true.

"Second Defense

"For his second defense to the petition of the plaintiff, this defendant readopts, all and singular, the admissions and denials previously set forth in this answer as though fully restated herein, and further says that said collision and any injuries and damages which plaintiff may have sustained as a result thereof were the direct and proximate result of the negligence and carelessness of the plaintiff, in that plaintiff operated his bicycle without keeping a lookout for persons and objects on or near the sidewalk in front of him, failed to have his bicycle under control, and failed to stop or divert the course of his bicycle so as to avoid striking the lawn mower of the defendant when

in the course of ordinary care, a youngster of the age, physical ability, and mental capacity of the plaintiff, could and should have done so.

"Wherefore, having fully answered, the defendant prays that the petition of the plaintiff be dismissed and that he be permitted to go forth without cost."

To this answer the plaintiff filed a reply, denying each and every allegation contained in the answer, except such averments as admit the truth of the matters contained in plaintiff's petition.

The cause came on for hearing before the court and a jury, and a verdict was rendered by the jury in favor of the defendant. Thereafter, plaintiff filed a motion for new trial, which was overruled by the court. Thereafter, plaintiff appealed to this court on questions of law and sets forth the following assignments of error:

"A. The trial court committed error prejudicial to the rights of the plaintiff by inserting conflicting and contradictory instructions in its charge.

"B. The trial court in its charge failed to define the technical term 'negligence' which formed the basis of the principal issue in the case. This failure was prejudicial error.

"C. The trial court committed error prejudicial to the rights of plaintiff by charging the jury, at the special request of the defendant and immediately before retirement, that sidewalks were areas intended for the use of pedestrians.

"D. The verdict of the jury and judgment entered thereon were manifestly against the weight of the evidence and contrary to law."

The writer of this opinion has read the entire record twice, and the facts as shown by this record are as follows: Defendant was mowing his lawn with a rotary power mower on June 2, 1956, at about 7:15 p. m. The plaintiff, who was eight years old, was riding a bicycle in a northerly direction on the sidewalk running along the east side of Saratoga Avenue. Defendant was pushing his mower across the sidewalk to cut the lawn strip between the street and the walk, and plaintiff collided with the mower near the north line of defendant's lot. The collision caused the plaintiff to be thrown from the bicycle, and

his left hand went into a 1½ to 2 inch opening between the ground and the bottom of the protective casing.

There was a witness by the name of Blaine Binkley, who was twelve years old, playing ball with his brother in a vacant area across Saratoga Avenue, west of defendant's property. This witness was not interested as to the outcome of the case and he watched the plaintiff proceeding from the north edge of defendant's driveway, which was located along the south line of his property, to the scene of the accident, which was within a few feet of the north line of defendant's property. The testimony of this witness is as follows:

"Q. Tell me, will you describe to the jury just how Stevie Harper was riding the bicycle—was he on the seat? A. He was standing pumping.

"Q. I will ask you, Blaine, what your observation was as to where he was looking? A. I think he was looking down at the sidewalk."

This witness also testified that plaintiff was riding his bicycle at a fast rate of speed and that the front wheel of the bicycle struck the mower at a point at or behind the center of the casing, over the cutter blade; and in substance the defendant's testimony supported the testimony of this witness.

The weather was clear and it was a dry and nice evening. The mower made the noise that usually accompanies a power mower. The mower was clearly visible and plaintiff surely could have heard the noise of the motor.

The plaintiff himself said that the sidewalk south of the Henry premises was rough and uneven and that he watched it ahead of him as he rode along, and that there was a big bump and uneven place by the tree located in front of the Henry house; and plaintiff admitted that he was watching the sidewalk to the very immediate front of him to avoid the uneven places, and he testified that he did not see the defendant until within four yards of him and that he did not hear the mower until he was four yards away. Apparently these statements support the theory that plaintiff was not looking where he was going. If he had been looking he could have stopped before this accident occurred, and, according to the record, there is not only evidence of negligence of plaintiff, but also evidence of contributory negligence on his part.

We will now consider the errors assigned by plaintiff. It is claimed by plaintiff that the court committed error by inserting conflicting and contradictory instructions in its charge and in using language applicable to an adult plaintiff  The following language appears in the court's charge:

"Now, in addition to the two issues, the burden of proving which is upon the plaintiff to prove by a preponderance of the evidence, the defendant raises the issue of contributory negligence—that is, contributory negligence upon the part of the plaintiff himself, and if you find that the plaintiff was guilty of any act of negligence which proximately contributed to produce his own injuries, even though that negligence be of the slightest degree, the plaintiff could not recover in this lawsuit.

"The issue of contributory negligence never arises until there has first been proven as a fact negligence upon the part of the defendant, which proximately caused the injury to the plaintiff unless there has appeared in the presentation of the plaintiff's case a presumption of negligence upon the part of the plaintiff himself. Otherwise, the burden of proving contributory negligence is upon the defendant to prove by a preponderance or greater weight of the evidence.

"The plaintiff, Steven Harper, was required to use ordinary care for his own safety. Ordinary care is that care, as that term is to be applied by you as to the plaintiff, Steven Harper, in determining whether the plaintiff himself was guilty of negligence which proximately contributed to cause his injury —is that degree of care which children of ordinary care and prudence of the same age, education and experience, are accustomed to exercise for their own safety under the same or similar circumstances.

"So, in event you have found that the defendant was guilty of negligence which proximately caused the plaintiff's injuries, and you reach this issue of contributory negligence, you will determine whether the plaintiff used that care which a child of ordinary care and prudence of the same age, education and experience, would use for his own safety to keep a lookout for persons and objects in front of him, to keep his bicycle under control, or stop or divert the course of his bicycle so as to avoid striking the mower.

"And, in event you find that the plaintiff was guilty of negligence which proximately contributed to cause his injury, the court charges you that the plaintiff would not be entitled to recover in this lawsuit, even though you have found the defendant guilty of negligence which proximately caused the plaintiff's injuries."

We also find, in the record, that after the court had completed his charge to the jury, the trial judge asked the question whether there was anything further before the jury retired. Mr. Hart said, "No, your honor."

Thereafter, counsel for defendant made certain requests for the court to charge, and the court said the following:

"The court does charge the jury that they must not speculate in regard to damages in this case. A jury can only consider the probability as to the difficulty the plaintiff may have to obtain gainful employment in the future. I understand, although the court has no independent recollection at this time, without checking the record, the court said 'may' and it must be more than that—the probabilities—the evidence must show the probabilities are he will not be able to obtain gainful employment in the future.

"I have also been asked to charge that, and I do charge that under the law of Ohio, a sidewalk means that portion of the street between the curb lines and lateral lines of the roadway and adjacent property lines intended for the use of pedestrians."

Immediately thereafter, Attorney Hart inserted a general exception to the charge as a whole and to each and every part thereof.

In a consideration of this case it becomes necessary to define certain terms. Section 4511.01, Revised Code, in part, reads as follows:

"(F) 'Bicycle' means a two-wheel vehicle propelled by human power, having a tandem arrangement of wheels equipped with tires either of which is over twenty inches in diameter."

Also, Section 4511.01, Revised Code, in part, reads as follows:

"(DD) 'Sidewalk' means that portion of a street between the curb lines, or the lateral lines of a roadway, and the adja-

cent property lines, intended for the use of pedestrians.''

We also cite Section 4511.52, Revised Code:

''Sections 4511.01 to 4511.78, inclusive, 4511.99, and 4513.01 to 4513.37, inclusive, of the Revised Code which are applicable to bicycles apply whenever a bicycle is operated upon any highway or upon any path set aside for the exclusive use of bicycles.''

On the questions of negligence and contributory negligence, we submit the following authorities: 4 Ohio Jurisprudence (2d), 26, Section 831:

''It is well settled that where the jury returns a general verdict in a case involving two or more issues, a finding upon any one of which in favor of the successful party would entitle him to judgment, if the record does not disclose affirmatively by answers to interrogatories or otherwise upon which issue such verdict was based, the judgment will not be reversed if no error appears as to any one or more of them although there may be error as to other issues. This is known in jurisprudence as the 'two-issue' rule and is a rule of policy designed to simplify the work of trial courts and to limit the range of proceedings on review.

''The basis of the general 'two-issue' rule is, of course, the presumption in favor of the validity of the judgment and the duty of the party seeking to overthrow it to show affirmatively that error has occurred to his prejudice. If at first thought it may seem that injustice might result from its enforcement under some circumstances, it is to be remembered that the remedy is always in the hands of counsel, since he may, in any such case, if he deems it advisable, request a special verdict upon any or all of the issues presented in the case, or may submit interrogatories to be answered if the jury returns a general verdict by which the basis of such verdict will be disclosed. In this connection it may be said that the courts construe a 'finding of the issues joined in the cause' in favor of one of the parties as a finding in his favor of all the issues.''

Also, *Petticrew, Jr.*, v. *Petticrew, Sr.*, 98 Ohio App., 260, 129 N. E. (2d), 194, wherein the second paragraph of the syllabus reads as follows:

''2. Where the trial court charges the jury that it should

first determine whether there was a valid agreement between the parties and no interrogatories are submitted, but a general verdict is returned, the two-issue rule applies and, on appeal, the reviewing court need not test the charge as against the error assigned that the court permitted the jury to construe such contract."

Also, *Centrello, a Minor,* v. *Basky,* 164 Ohio St., 41, 128 N. E. (2d), 80, the syllabus reading as follows:

"1. Although contributory negligence, the essence of which is carelessness, and assumption of risk, the essence of which is venturousness, are not identical, they are related and may coexist in the same case.

"2. Even though the pleadings do not raise assumption of risk as an issue, where it enters the case by virtue of the evidence, the court should charge on that subject.

"3. Where the jury returns a general verdict for the defendant, and where on the evidence presented it might have found that the defendant was negligent and the plaintiff contributorily negligent or that the plaintiff deliberately and heedlessly exposed himself to an apparent risk, the court may properly charge on both contributory negligence and assumption of risk.

"4. Where a general verdict is returned for one of the parties, and the mental processes of the jury are not tested by special interrogatories to indicate which issue was determinative of the verdict, it will be presumed that all issues were resolved in favor of the prevailing party, and, where a single determinative issue has been presented free from error, error in presenting another issue will be disregarded.

"5. The trial judge is not required to give to the jury before argument any special instruction which is not accurate or correct in essential details or which under the facts of the particular case states the law too strongly against one of the litigants.

"6. It is not prejudicial error to refuse special instructions before argument, where the substance thereof has been embodied in other requested special instructions given before argument at the instance of the same party. (Paragraph two of the syllabus in *Limbaugh* v. *Western Ohio Rd. Co.,* 94 Ohio St., 12, approved and followed.)

"7. Generally, instrumentalities or machines dangerous per se are those which in their very nature or design are calculated to do injury. A stationary concrete mixer of standard construction in visible and audible operation is not in and of itself a dangerous instrumentality or machine.

"8. Even though a paragraph in a general charge taken by itself is improper and misleading, yet where, considered in connection with the whole charge and the entire instructions of the court to the jury, it is apparent that no prejudicial error resulted, the judgment rendered on a verdict will not be reversed for such error. (Paragraph two of the syllabus in *Ochsner, Admr.*, v. *Cincinnati Traction Co.*, 107 Ohio St., 33, approved and followed.)"

On page 49 of the *Centrello case* the following appears:

"Such rule is that, where a general verdict is returned for one of the parties, and the mental processes of the jury have not been tested by special interrogatories to indicate which issue was determinative of the verdict, it will be presumed that all issues were resolved in favor of the prevailing party. And where a single determinative issue has been presented free from error, error in presenting another issue will be disregarded. The Ohio cases expounding and applying such rule, beginning with *Sites* v. *Haverstick*, 23 Ohio St., 626, are numerous. Among them are *Jones* v. *Erie Rd. Co., supra*; *Ochsner, Admr.*, v. *Cincinnati Traction Co.*, 107 Ohio St., 33, 140 N. E., 644; *Knisely* v. *Community Traction Co.*, 125 Ohio St., 131, 180 N. E., 654; *Leonardi* v. *A. Habermann Provision Co.*, 143 Ohio St., 623, 56 N. E. (2d), 232; *Bush, Admr.*, v. *Harvey Transfer Co.*, 146 Ohio St., 657, 67 N. E. (2d), 851."

In the above case there was involved an injury to a boy ten years of age.

We also cite *Swoboda* v. *Brown*, 129 Ohio St., 512, 196 N. E., 274, the first paragraph of the syllabus reading as follows:

"1. A general verdict for a party is a favorable finding upon all the issues, and in a case where the issues are such that a finding for a party on either of them would entitle him to the judgment rendered in his favor *such judgment will not be reversed for error in instructions of the court relating exclusively to another issue*." (Emphasis added.)

It is claimed by counsel for plaintiff that the court erred in charging that a sidewalk was an area intended for the use of pedestrians and that he was in effect ruling out the legal use of such sidewalk by the plaintiff on his bicycle. However, counsel for plaintiff could have requested the court to charge the provisions of Section 4511.52, heretofore cited.

That section would have answered counsel's argument. It was an act of omission on the part of the court in not charging Section 4511.52. On that question we cite *Rhoades* v. *City of Cleveland*, 157 Ohio St., 107, 105 N. E. (2d), 2, wherein the syllabus reads:

"Where claimed errors in the charge of the court are errors of omission and not errors of commission, unless counsel has requested the court to supply the omissions, such errors of omission will not ordinarily justify a reversal. (Section 11560, General Code, applied.)"

And, at page 108 of the *Rhoades case*, the following appears:

"As a general rule, in the absence of statutory provisions to the contrary, a party, represented by counsel, may not ordinarily avail himself of an error which was not called to the attention of the trial judge and which could and might have been corrected by the trial judge if it had been called to his attention. *Adams* v. *State*, 25 Ohio St., 584.

"The reasons for this general rule are stated in the opinion at page 257 in *State* v. *Tudor*, 154 Ohio St., 249, 95 N. E. (2d), 385. As pointed out in that case at page 258, there is in Ohio, by reason of certain statutory provisions (Section 11560, General Code), an exception to this general rule where errors in the charge of the court are involved. See *Columbus Ry. Co.* v. *Ritter*, 67 Ohio St., 58, 64, 65 N. E., 613, *State* v. *McCoy*, 88 Ohio St., 447, 454, 103 N. E., 136. However, where such errors in the charge of the court are errors of omission and not errors of commission, the general rule applies, and, unless counsel has requested the court to supply the omissions, such errors of omission will not ordinarily justify a reversal. *Columbus Ry. Co.* v. *Ritter, supra* (paragraph two of the syllabus); *State* v. *McCoy, supra* (paragraph three of the syllabus); *Beeler* v. *Ponting*, 116 Ohio St., 432, 156 N. E., 599."

Special requests were given at the request of counsel for defendant after the general charge was given. It was then that counsel for plaintiff made a general exception to the charge as a whole and to each and every part thereof.

The court only stated the law as found in the Revised Code. Conceding for the sake of argument that part of his additional charges was erroneous, it would have no effect in this case because they related to an issue other than that of negligence or contributory negligence.

It is also claimed by plaintiff that the judgment of the court below is against the weight of the evidence and contrary to law. The writer of this opinion, after a careful consideration of the evidence, finds that the judgment is supported by the evidence and is not contrary to the weight of the same.

The record in this case is replete with evidence of not only negligence but of contributory negligence on the part of the plaintiff, and since no timely exception was taken by plaintiff as to the court's general charge on negligence and contributory negligence, plaintiff's contention is not tenable; and for the reasons stated in this opinion we are of the opinion that none of the assignments of error is well taken, and the judgment is affirmed.

*Judgment affirmed.*

PUTNAM, P. J., and MCLAUGHLIN, J., concur.