Arthur Cibis, Plaintiff-Appellant, v. Lathrop J. Hunt and Martha Ambrose, as Executrix of the Last Will and Testament of Christ Ambrose, Deceased, Defendants-Appellees.

Gen. No. 11,856.

Second District.

June 1, 1964.

Lasswell & Eilert, of Geneva (Roy S. Lasswell, Benn E. G. Eilert, and Harold G. Sodergren, of counsel), for appellant.

Carbary & Carbary, of Elgin (George D. Carbary and Robert A. Chapski, of counsel), for appellees. Lathrop J. Hunt, pro se, appellee.

CARROLL, J.

Plaintiff brought this action to recover damages which he claims to have sustained as a result of defendants' fraud and conspiracy to defraud. Judgment was entered on defendants' motion for summary judgment. Plaintiff appeals.

In substance the complaint filed December 16, 1960 alleges that plaintiff was a building contractor and land developer; that about August 1, 1956, he employed defendant Hunt as his attorney; that about the same date he made an agreement with Christ Ambrose under which Ambrose was to furnish him money in the amount of $22,000 to purchase 41 acres of land described as Unit 2 of Rainbow Hills Subdivision, Kane County, Illinois; that plaintiff was to pay Ambrose 10% interest on the money so furnished; that about October 23, 1958, plaintiff completed negotiations with Everett L. Johnson for the purchase of 20 acres of land adjacent to the 41-acre tract; that Ambrose again agreed to furnish plaintiff the purchase price of the 20 acres which was $20,000, with plaintiff paying 10% interest on the same; that in plaintiff's dealings with Ambrose, he relied upon Hunt to represent him and protect his interests; that about August 1, 1956, Hunt

and Ambrose conspired to use plaintiff's good reputation as a builder and land developer to cause the first tract purchased to be subdivided and the plaintiff to become obligated on a road performance bond, and to fraudulently induce plaintiff to build houses on the subdivided land with the intention of profiting therefrom in excess of the 10% interest which plaintiff had agreed to pay, and of causing plaintiff to default on his performance bond; that Hunt concealed from plaintiff the fact that he was also attorney for Ambrose; that Hunt secretly became a partner with Ambrose in the two land purchase and loan transactions, and as a result Ambrose received money in excess of that due him; that Ambrose and Hunt fraudulently conspired to put title to the Rainbow Hills Subdivision property in plaintiff's name, to record the subdivision of said property, and to cause plaintiff to procure a road performance bond in the amount of $12,-000; that after doing these things, defendants fraudulently caused all of said property to be conveyed to them and retained all profits from the sale of houses and lots in the subdivision, causing plaintiff to default on the said performance bond; that defendants caused plaintiff to default on a mortgage on plaintiff's home, and took the same through foreclosure. The complaint further alleges that as a result of the conspiracy between defendants and the overt acts specified, plaintiff was deprived of his good standing and reputation for credit and as a builder and land developer in Kane County, Illinois. Plaintiff's demand is for judgment against the defendants for $80,000.

In their answer defendants denied the allegations of the complaint. On May 29, 1961, the depositions of all parties were taken, and on December 4, 1962 the same were certified to by the subscribing officer and filed with the clerk of the Circuit Court. The

defendant, Christ Ambrose died testate November 13, 1961, and thereafter Martha Ambrose, Executor of his estate was substituted as a party defendant.

On November 20, 1962, the Defendants filed a motion for summary judgment alleging that the pleadings, exhibits and depositions show that the allegations of conspiracy and fraud contained in the complaint are unfounded and that there are no material issues of fact. The trial court allowed the motion for summary judgment on July 25, 1963 and entered judgment for defendants. From such judgment plaintiff has appealed.

Plaintiff initially contends that the transcript of the depositions of the parties was not entitled to be considered by the trial court because they had not been signed, filed, or certified as required by Supreme Court Rule.

Entry of summary judgments is authorized by section 57 of the Civil Practice Act (Ill Rev Stats c 110, § 57) which provides as follows:

"Any time after the opposite party has appeared or after the time within which he is required to appear has expired, a plaintiff may move with or without supporting affidavits for a summary judgment or decree in his favor for all or any part of the relief sought.

"(2) For defendant. A defendant may, at any time, move with or without supporting affidavits for a summary judgment or decree in his favor as to all or any part of the relief sought against him.

"(3) Procedure. The opposite party may prior to or at the time of the hearing on the motion file counteraffidavits. The judgment or decree sought shall be rendered forthwith if the pleadings,

491

depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment or decree as a matter of law."

Supreme Court Rule 101.19–6(4) is in pertinent part as follows:

"When the testimony is transcribed the deposition shall be submitted to the deponent for examination and shall be read to or by him unless waived by the deponent and by the parties . . . The deposition shall then be signed by the deponent, unless the parties waive the signing or the deponent is ill or cannot be found or refuses to sign. If the deposition is not signed by the deponent, the officer shall state in his certificate the fact of the waiver or of the illness or absence of the deponent or the fact of the refusal to sign together with the reason, if any, given therefor. The deposition may then be used as fully as though signed, unless on a motion to suppress the court holds that the reasons given for the refusal to sign require rejection of the deposition in whole or in part."

██ ██ The record in this case shows the officer before whom the deposition was taken certified that the deponents were duly sworn by him and that the deposition was a true record of the testimony given by the witnesses. The deposition was not signed by the deponents, nor does it contain a recital by the certifying officer that the parties waived signing. However the record does show that plaintiff's counsel was present when the depositions were taken, and that he examined each of the deponents at length. Under the circumstances we think it reasonable to assume that a copy of the deposition was available to both parties, however whether or not such is the

492

fact we find nothing in the record indicating that in the trial court plaintiff raised any question as to the sufficiency of the deposition to meet the requirements of the Supreme Court Rule. His failure to move the trial court to suppress the deposition on the grounds raised on this appeal is unexplained. Supreme Court Rule 19–9(4) is as follows:

"Errors and irregularities in the manner in which the testimony is transcribed or the deposition is prepared, signed, certified, sealed, indorsed, transmitted, filed, or otherwise dealt with by the officer are waived unless a motion to suppress the deposition or some part thereof is made with reasonable promptness after the defect is, or with due diligence might have been ascertained."

In view of the provisions of the foregoing rule we hold that the deposition defects or errors of which plaintiff now complains were waived by his failure to point out the same to the trial court. In passing upon defendants' motion, the trial court was not asked to disregard the deposition and accordingly did not err in failing to do so. On this review we are limited to the issues raised in the trial court and properly preserved for review. ILP Appeal and Error, sec 181. Plaintiff cites Allen v. Meyer, 14 Ill2d 284, 152 NE2d 576, in support of his contention. However this case does no more than call attention to the fact that under Supreme Court Rule 15 a deposition complying with requirements of such rule may be considered by the court in passing on motions for summary judgment. It does not sustain plaintiff's argument.

The remaining question to be resolved is whether the depositions of the parties disclose any controverted material questions of fact. The purpose of summary judgment procedure is not to try a fact issue, but to determine whether any genuine issue as

to any material fact exists between the parties. Allen v. Meyer, supra. If in this case the pleadings and depositions on file show that there is no such issue, then the trial court correctly decided that defendants were entitled to a judgment.

■ The basis of plaintiff's action is fraud. In such an action it is incumbent upon the plaintiff to show representation, falsity, scienter, deception and injury. Jorgenson v. Baker, 21 Ill App2d 196, 157 NE2d 773. Facts unrelated to these essential elements cannot be said to be material. Regardless of how sharply controverted, their presence in the record would not be sufficient to warrant denial of a motion for summary judgment.

■ The proof necessary to recover in fraud cases is stated in Peterson v. Yachtman, 25 Ill App2d 208, 166 NE2d 452 as follows:

> "It is agreed that all of the elements must be proved in an action based on fraud (1) the misrepresentation must be of a statement of fact, (2) it must be made for the purpose of influencing the other party to the action (3) it must be untrue (4) the party making the statement must know or believe it to be untrue, (5) the person to whom it is made must believe and rely on the statement, (6) the statement must be material."

Accordingly in the instant case the material facts are those which tend to prove that defendants perpetrated a fraud upon plaintiff or conspired to do so.

■ In passing upon plaintiff's motion, the trial court was confronted solely with the question whether there is actually a disagreement between the parties on any material fact or facts. Contrary to the allegations of the complaint, in his deposition plaintiff admits that he knew Ambrose·was getting half of the proceeds from the sale of lots in the 41-acre tract;

that he never had any agreement with Ambrose under which the latter was to furnish $25,000 to purchase the 20-acre tract; that he and Ambrose agreed that Hunt would do all the legal work which they required; that from February 1955 until October 1958 plaintiff knew that Hunt represented both he and Ambrose; that he did not know whether or not Hunt had secretly become a financial investor in the 41-acre development; and that he did not think Hunt was financially interested in the same. As to the complaint allegation that defendants fraudulently conspired to cause plaintiff to become liable as principal on a road performance bond, he testified on his deposition that under his agreement with defendant, he was to put in all roads because he had the equipment to do it; that he was to put in the roads in compliance with the ordinances of Kane County; and that he was required to give a bond which he purchased from Hunt. It was also made clear in plaintiff's deposition that the transaction involving the 41-acre tract has been settled with the exception of plaintiff's liability on the performance bond; and that his only claim on the Johnson 20 acres is for work done on the roads in that tract. With these admissions of plaintiff in the record it becomes apparent that all of the material issues of fact in the case had been removed from the area of controversy and consequently nothing remained for trial.

■ There is no merit in plaintiff's argument that defendants' motion should have been overruled because it did not specify the portions of the deposition "which would dispose of an issue of material fact." If there is any provision in the Practice Act requiring such specification of portions of a deposition we have been unable to find it. Defendants appear to have followed the procedure applicable to summary judgments to which we have previously referred. They moved for summary judgment without supporting affidavits.

The depositions of the parties were on file and from these and the pleadings of the parties the trial court determined that defendants were entitled to a judgment as a matter of law. Defendants based their motion upon the depositions as a whole. Whether they contained admissions by plaintiff sufficient to dispose of all material fact issues was for the court to determine. The cases cited by plaintiff involved situations where supporting affidavits were filed and consequently do not support his contention.

 Finally plaintiff urges that summary judgment procedure should not be employed in cases involving a conspiracy to defraud. Section 57 of the Practice Act which provides for entry of a summary judgment in a proper case makes no distinction between types of action, but states that it may be rendered in any proceeding. Where there is no genuine issue as to any material fact the use of summary procedure is to be encouraged. Allen v. Meyer, supra. The instant case qualifies as one in which such procedure was properly applied.

For the reasons indicated the judgment of the Circuit Court is affirmed.

Affirmed.

ABRAHAMSON, P. J. and MORAN, J., concur.