**June Yoselle, Plaintiff-Appellant, v. Leo Yoselle, Defendant-Appellee.**

**Gen. No. 49,498.**

First District, Second Division.
November 10, 1964.

Bellows and Pickard, of Chicago (Jay W. Bellows and Theodore R. Pickard, of counsel), for appellant.

Philip J. Slotnikoff, of Chicago, for appellee.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court:

June Yoselle and Leo Yoselle were married on November 11, 1940. Two children were born of the marriage, Susan, who was sixteen years of age and Penny, who was thirteen years of age when the decree was entered on January 17, 1963. Both of the girls live with plaintiff in the family home. The parties separated on January 15, 1960. The wife filed a complaint for divorce asking alimony, custody of the children, child support, and title to the realty where the family resided and its furnishings and to the business real estate, both of which parcels of real estate were held in joint tenancy by the parties. Defendant counterclaimed for divorce, but on the trial offered no evidence to support his prayer. Evidence introduced by defendant related to property rights, support of the children and alimony. A decree of divorce was entered as prayed by plaintiff wherein the court found, inter alia, that the two parcels of realty were held by the parties in joint tenancy, recited that the court considered the equities of the parties to the respective parcels and ordered conveyances of the realty constituting the family homestead to the plaintiff as alimony in gross in lieu of periodical alimony and of the business realty to defendant. The valuation of the family homestead was $17,750 and of the business realty $28,500. The decree also awarded the household furnishings and the custody of the children to the plaintiff. It was stipulated that defendant would place the children's names on three of his life insurance policies as beneficiaries and that this should appear in the decree. The decree, however, is silent as to this matter. The defendant and his brother, partners in the glass business, sold the business during the pendency of and prior to the trial of the case. The brother had no interest in the business real estate. No ques-

tion is raised as to the sufficiency of evidence to support the part of the decree awarding a divorce.

Plaintiff first maintains that the part of the decree awarding her title to the family homestead gave her nothing to which she was not already equitably entitled as a contributor to the purchase of the two parcels of realty, and that therefore she was denied alimony without cause.

The decree is unclear as to whether plaintiff is equitably entitled to share in the real estate. The finding of the court recites: "That during the period of coverture, certain real estate was acquired the deeds of conveyance of which named both of the parties hereto as grantees; that the court *has considered the equities* of the parties in said properties and *awards the respective properties* to the parties as will *hereinafter* more fully appear." (Emphasis supplied.) The court then orders that title to the family homestead be awarded to plaintiff as alimony in gross in lieu of periodical alimony, that the business realty be awarded to defendant, and that the household effects be awarded to plaintiff.

Section 17 of the Divorce Act (Ill Rev Stats 1961, c 40, § 18) requires the existence of special equities before the spouse holding title to real estate can be compelled to convey it to the requesting spouse. This section empowers the court to compel conveyance to each party of the title to that portion of the property to which he or she is equitably entitled. See Savich v. Savich, 12 Ill2d 454, 147 NE2d 85. Section 18, on the other hand, does not require the showing of special equities. This Section 17 authorizes a decree for conveyance of title to property to the party entitled to alimony where title to property rather than periodical alimony is more equitable. See Miezio v. Miezio,

6 Ill2d 469, 169 NE2d 20; Smothers v. Smothers, 25 Ill2d 86, 182 NE2d 758. The finding of the decree in the instant case indicates that the court considered the equities of the parties in the realty, presumably pursuant to Section 17, yet there is no finding as to whether or not plaintiff is equitably entitled to any of the realty under Section 17; the decree simply goes on to order that defendant convey his interest to the domiciliary real estate to plaintiff as alimony in gross in lieu of periodical alimony, pursuant to Section 18. The record, however, indicates that plaintiff claims to have paid some five or six hundred dollars towards the purchase of the family homestead, to have worked in the defendant's business for some time in an effort to pay off the business realty mortgage sooner and to have managed family affairs partly out of monetary gifts given to her by her parents, especially after defendant decreased her household expense budget. See Cross v. Cross, 5 Ill2d 456, 466, 467, 125 NE2d 488. These are all questions of fact for the determination of the court sitting without a jury. Without a finding that plaintiff either was or was not equitably entitled to share in the property, it is impossible to determine whether she has been awarded something to which she already had a right and thereby denied alimony where alimony would seem to be due. A finding to this effect must therefore be made.

Plaintiff also maintains that she should have been awarded one-half of defendant's share of the proceeds of the sale of the glass business, for the reason that she participated in the business. This claim is made under Section 17 of the Divorce Act and therefore a finding must be made as to whether or not she is equitably entitled to a share of the proceeds under the facts of the case.

■ ■ Secondly, Section 18 of the Act authorizes the court to order the husband or wife, as the case may be, to pay to the other party such sum of money, or convey to the party such real estate or personal property, payable or to be conveyed either in gross or by installments as settlement in lieu of alimony, as the court deems equitable. Ill Rev Stats 1961, chap 40, § 19. Under this section all that is required is that the recipient spouse be entitled to alimony and that the conveyance be equitable. Persico v. Persico, 409 Ill 608, 100 NE2d 904; Cross v. Cross, 5 Ill2d 456, 125 NE2d 488. While it is true that the court may order such conveyance even if not requested by the recipient spouse, the evidence must, however, show that this form of alimony is in the best interest of the recipient spouse. See Smothers v. Smothers, 25 Ill2d 86, 182 NE2d 759.

■ The record here indicates that plaintiff has no funds or income of her own, that she is not trained for employment, having been a housewife for 22 years, that she is sickly, and that she must care for two ailing children, having been awarded their custody by the decree. Alimony in gross of the family homestead (which provides no income), and no more, under these circumstances is not equitable; apparently, plaintiff has no means of defraying her day-to-day living expenses.

The decree should also contain an order that defendant change the beneficiaries on his three life insurance policies to the two children as was agreed upon by the parties at the trial.

■ The decree ordered defendant to pay plaintiff's attorneys' fees the sum of $1,500 and plaintiff's costs in the sum of $218.90. Plaintiff, however, suggests that the court should have reimbursed her for the full amount of fees and costs requested, namely, $1,975

359

for attorneys' fees and $437.80 for costs. The record indicates that, at the hearing on costs and attorneys' fees, counsel for the defendant objected on specific grounds to several matters offered by plaintiff's counsel in support of the requested costs and fees. It cannot be said that the court abused its discretion in allowing the amounts which it did.

Defendant's position that plaintiff is seeking a complete reversal of the divorce decree which would thereby reinstate the marital relation, and that therefore no alimony or property rights adjustment can be awarded to either party, is untenable. Plaintiff is appealing from what she maintains are the inequitable provisions of the decree relating to property rights and alimony for the sole purpose of securing reversal thereof and remanding for further consideration by the trial court.

■ Finally, the fact that plaintiff has failed to have the Report of Proceedings "properly authenticated" by the trial judge does not mean that the Report of Proceedings cannot be considered by this court as part of the record. The form of certification, bearing the trial judge's signature, which appears at the end of the Report of Proceedings, is identical to the one which was employed by appellant in the case of Second Nat. Bank of Robinson v. Jones, 309 Ill App 358, 33 NE2d 732; the form was approved in that case. Defendant makes no challenge as to the sufficiency of the Report of Proceedings nor to its correctness. Furthermore, defendant has failed to make a seasonal objection as required by Supreme Court Rule 101.36, Par 4, that the Report of Proceedings was not properly authenticated.

The part of the decree awarding a divorce, custody of the children, child support, attorneys' fees and costs

is affirmed. The part of the decree awarding alimony in gross and conveyances of the two parcels of realty by the respective parties is reversed and the cause is remanded for further proceedings not inconsistent with these views.

Decree affirmed in part and reversed in part and cause remanded with directions.

FRIEND and BRYANT, JJ., concur.