BARBARA HARRY, Plaintiff-Appellee, *v.* JAMES HARRY, Defendant-Appellant.

Fourth District   No. 12549

Opinion filed June 10, 1976.

Sorling, Catron and Hardin, of Springfield (R. Gerald Barris, of counsel), for appellant.

Robert E. Gillespie and Dennis J. Jacobsen, both of Gillespie, Burke & Gillespie, P. C., of Springfield, for appellee.

Mr. PRESIDING JUSTICE TRAPP delivered the opinion of the court:

Defendant husband appeals from a decree awarding a divorce to the wife on the grounds of mental cruelty and providing for a division of the marital property.

Upon appeal defendant urges that the pleadings did not state a cause of action for divorce, and that the property division was improperly made.

The complaint alleged that without reason or provocation defendant has pursued a course of abusive and humiliating treatment which was of a nature to torture, discommode and render miserable the life of the plaintiff, that it affected plaintiff's physical and mental health, rendering her condition intolerable, and that such conduct has persisted rendering the marriage unendurable.

Defendant's motion to dismiss stated that the complaint was "insufficient at law," but failed to point out the defect complained of required by section 45 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 45).

The allegations of the complaint did set out the elements of mental cruelty as stated in McGowan v. McGowan, 15 Ill. App. 3d 913, 305

N.E.2d 261; *Olson v. Olson,* 13 Ill. App. 3d 888, 300 N.E.2d 765; *Deahl v. Deahl,* 13 Ill. App. 3d 150, 300 N.E.2d 497.

The trial court denied defendant's motion to dismiss but ordered plaintiff to file a "bill of particulars" alleging specific times and instances of defendant's conduct. Plaintiff answered with some 14 instances of conduct at times and places directed to verbal abuse humiliating and embarrassing to plaintiff, conduct with regard to treatment of plaintiff's friends and relatives causing embarrassment and humiliation and accusations of plaintiff's misconduct. Following the court's denial of defendant's renewed motion to dismiss, defendant answered and set forth affirmative defenses, although no counterclaim was filed.

■■■ It is held that pleading over to a complaint which imperfectly states a cause of action is a waiver of the asserted defenses. (*County of Winnebago v. Willsey,* 122 Ill. App. 2d 149, 258 N.E.2d 138; *Brandeis Machinery & Supply Co. v. McNeely General Contracting & Equipment Co.,* 18 Ill. App. 2d 396, 152 N.E.2d 890.) It is only when the complaint fails to state a ground of liability that the sufficiency of the complaint may be raised following a plea over. (*Wagner v. Kepler,* 411 Ill. 368, 104 N.E.2d 231; *Dunlap v. Marshall Field & Co.,* 27 Ill. App. 3d 628, 327 N.E.2d 16.) A complaint should not be dismissed for failure to state a cause of action unless it clearly appears that no set of facts could be proven under the pleadings which would entitle plaintiff to relief. (*Cain v. American National Bank & Trust Co.,* 26 Ill. App. 3d 574, 325 N.E.2d 799.) Defendant still has not yet indicated wherein the complaint is insufficient at law under the elements established.

■■ Defendant contends that under the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 37), a bill of particulars is not proper unless ordered upon the motion of the party. Section 42(1) of the Act provides:

> "If any pleading is insufficient in substance or form the court may order a fuller or more particular statement. If the pleadings do not sufficiently define the issues the court may order other pleadings prepared."

Plaintiff's subsequent pleadings had the effect of limiting the proof to the occurrences and dates specified. Defendant both answered the complaint and testified concerning the events. We can find no prejudice to the defendant.

Defendant contends that the trial court erred in admitting the evidence deposition by a witness, Ulrich. Each party retained counsel in another State to conduct the deposition and each party received a copy. The record does not show that either party requested the sealing of the deposition. The witness expressly waived the signing of the deposition. Defendant claims error because the deposition was not signed. We note

with regard to a subsequent evidence deposition that the defendant and plaintiff expressly waived the signing by the witness.

■■ Here, the trial court gave defendant an opportunity to compare the deposition with his copy to ascertain if there were any errors. None were claimed. Absence of signature under these circumstances was an omission without substantive significance where there is no contention that the deposition considered was inaccurate, and we find no reversible error. *Fountaine v. Hadlock,* 132 Ill. App. 2d 343, 270 N.E.2d 222. See also *Cibis v. Hunt,* 48 Ill. App. 2d 487, 199 N.E.2d 246.

. Defendant contends that it was error to award a divorce upon grounds of mental cruelty where defendant disputed the facts, and plaintiff's testimony was not corroborated. The law is to the contrary. *(Surratt v. Surratt,* 12 `Ill. 2d 21, 145 N.E.2d 594; *Murphy v. Murphy,* 31 Ill. App. 3d 321, 334 N.E.2d 779; *Seniuta v. Seniuta,* 31 Ill. App. 3d 408, 334 N.E.2d 261; *Farah v. Farah,* 25 Ill. App. 3d 481, 323 N.E.2d 361.) The test is the sufficiency of the evidence in behalf of plaintiff to establish a preponderance in the light of the opposing evidence. *(Surratt, Farah.)* In this case, moreover, it is not correct to say that there was no corroboration of the plaintiff.

■■ The trial court heard testimony and observed the demeanor of the witnesses during the course of the proceedings. A determination of the credibility of the witnesses is a major factor in the determination of the issues. Upon this record, it cannot be said that the court's determination was contrary to the manifest weight of the evidence.

The complaint alleged that by common efforts and frugalities, the parties had acquired a residence with its furnishings, two automobiles and certain savings and checking accounts. The prayer of the complaint asked that the court award to plaintiff periodic alimony, together with the residence and furnishings, one-half of the savings accounts and the entire checking account. No issue is raised as to the child support provided.

The decree awarded to plaintiff the sum of $2700 in payments to be made over six months. The court stated that such was to be alimony in gross. He also awarded the residence and furnishings and an automobile, and the sum of $3000 which the wife had drawn from a joint savings account. The decree awarded to plaintiff the joint bank accounts, automobile and stocks and bonds held in joint tenancy.

Defendant contends that the plaintiff alleged but failed to prove special equities[1] in the house and furnishings and in the joint savings account. Defendant argues that he proved that he did not intend to make gifts in creating joint tenancies. It is not presently necessary to reach that issue.

---

[1] Ill. Rev. Stat. 1973, ch. 40, par. 18.

It is apparent that the trial court determined to award alimony in gross, rather than periodic alimony. Section 18 of the Divorce Act (Ill. Rev. Stat. 1973, ch. 40, par. 19) includes the provision:

"The court may order the husband or wife, as the case may be, to pay to the other party such sum of money, or convey to the party such real or personal property, payable or to be conveyed either in gross or by installments as settlement in lieu of alimony, as the court deems equitable."

Both the form of the award and its amount are primarily matters for the discretion of the trial court. *(Canady v. Canady,* 30 Ill. 2d 440, 197 N.E.2d 42.) Decrees which provided that the wife should receive the home and furnishings, personal property and a specified sum of money as alimony in gross were approved in *Canady v. Canady; Schwarz v. Schwarz,* 27 Ill. 2d 140, 188 N.E.2d 673.

■■ The record shows that the husband's income was variable depending to a substantial degree upon his immediate employment in political public relations, and that the nature of his employment involved, to some degree, moving from place to place. Variability of income is a proper consideration in awarding alimony in gross. *(Hall v. Hall,* 18 Ill. App. 3d 583, 310 N.E.2d 186.) While the wife did not request alimony in gross, she does not now contend that the award is unfair or inequitable. *(Yoselle v. Yoselle,* 54 Ill. App. 2d 354, 204 N.E.2d 129.) The record supports the conclusion that the trial court's award was equitable.

The judgment is affirmed.

Affirmed.

SIMKINS and GREEN, JJ., concur.