MARY COWAN, Plaintiff-Appellee, *v.* REV. BRUCE WHEELER, Defendant-Appellant.

First District (5th Division)    No. 78-1588

Opinion filed August 31, 1979.

Parrillo, Bresler, Wiess & Moss, of Chicago (David J. Weiss, of counsel), for appellant.

Martin J. McGuire, of McGuire & Keck, of Chicago, for appellee.

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

In this appeal from a judgment entered against him in a personal injury action, defendant contends that the trial court erred in allowing to

be read into evidence portions of a deposition which was not signed by the deponent and contained no statement as to why the signature was omitted, and in directing a verdict in plaintiff's favor on the questions of defendant's negligence and plaintiff's contributory negligence.

This case arose from a collision which occurred at the intersection of Rand Road (north-south) and Palatine Road (east-west) in Wheeling, Illinois, between an automobile northbound on Rand, in which plaintiff was a passenger, and defendant's southbound automobile, which was making a left turn onto Palatine at the time of impact. Initially, plaintiff and her husband, John Cowan (the driver), brought this action, but John Cowan was subsequently dismissed as a party on his motion.

The record is incomplete to the extent that it does not include a transcript of all trial court proceedings, but from what is before us, it appears that defendant, called under section 60 of the Illinois Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 60), testified that he first saw the Cowan car as he (defendant) was beginning his left turn onto Palatine Road; that at this point, the Cowan vehicle was approximately 30 feet away in the middle of the three northbound lanes, traveling at a speed of approximately 30 m.p.h. but probably decelerating; that he (defendant) then applied his brakes and heard the screeching of the brakes of the Cowan car; that at impact the Cowan car was traveling at a speed of 20 to 30 m.p.h. and he (defendant) was moving at less than 5 m.p.h. During the course of this testimony, the attorney for both parties stipulated that the traffic lights were green for northbound and southbound traffic. In answer to his counsel's questioning, defendant stated that he could see at least two or three blocks to the south when he was stopped at the intersection before starting to turn left.

Plaintiff testified that the weather was bright and sunny; that she was sitting in the front seat on the passenger's side of the car driven by her husband; that prior to reaching the intersection they were in the middle northbound lane and that they had been traveling in this lane the entire time they were on Rand Road; that she was not paying attention to the traffic prior to the collision but was talking to the children in the back seat or perhaps looking out the window; and that she felt the brakes being applied immediately before the impact. On cross-examination, she stated that she paid no attention to cars in the northbound left turn lane; that she observed no car in that lane pull out in front of them; and that she did not see defendant's automobile before the impact.

Plaintiff then sought to read into evidence portions of an evidence deposition taken of John Cowan. When the envelope containing the deposition was opened, it was noticed that it was not signed by Cowan and that it did not contain an officer's statement as to why the deponent's

signature was omitted as required by Illinois Supreme Court Rule 207. (Ill. Rev. Stat. 1977, ch. 110A, par. 207.) On this basis, defendant objected to the use of the deposition, but the trial judge allowed it to be read. In it, Cowan related that he was the driver of the car in which plaintiff was a passenger; that he was in the center northbound lane and had been there for three to four minutes prior to the collision; that as he approached the intersection, he saw six to seven other northbound vehicles stopped in the left turn lane; that one of these cars pulled out in front of him, causing him to apply his brakes; that this car proceeded through the intersection ahead of him; that defendant's car made a left turn into the intersection just as he (Cowan) was passing through; that he was traveling 30 to 35 m.p.h. immediately before the collision; that the center front of defendant's car hit the left front of his (Cowan's) car; and that both vehicles stopped at the point of collision. Defendant's attorney then read other portions of Cowan's deposition wherein he stated that he first noticed defendant's car about two seconds prior to the impact; that at this point, their cars were separated by approximately 10 feet and defendant was just beginning to turn into the northbound lanes; that when he first saw defendant's car, he (Cowan) still had the brake pedal depressed slightly as he had applied the brake when the car in the left lane pulled in front of him; and that he then depressed the brake pedal harder to avoid a collision with defendant.

Defendant's daughter, Marjorie Wheeler, called as a defense witness, testified that she was a passenger sitting in the back seat of defendant's car; that her mother and possibly her younger sister were also passengers; that their car entered the southbound left turn lane approximately one block before the intersection; that they stopped once in the left turn lane for three to four seconds and then began to turn and stopped again when they were approximately halfway into the left turn lane of northbound Rand Road; that at this point she could see south for two blocks, or approximately 1,500 feet, but saw only open road; and that when they continued their left turn "another car came out of the left lane [northbound] and there was a collision." On cross-examination, she testified that she could see through the windshields of the oncoming cars waiting to turn left and also that she could see around them; that she could see the center lane but saw no approaching cars; that at all times relevant, she "had a clear vision"; that she did not actually see plaintiff's car emerge from the line of northbound cars waiting in the left turn lane but was "assuming" so because she did not "see where else it could have come from"; and that plaintiff's car was traveling at a speed of approximately 30 m.p.h. just prior to the impact.

At the close of the evidence, plaintiff's motion for a directed verdict on the issue of liability was granted, and the question of damages was

submitted to the jury, which awarded plaintiff $53,900. There was a denial of defendant's alternative motions for a new trial or a remittitur, and this appeal followed.

OPINION

Defendant first contends that the trial court erred in allowing portions of the evidence deposition of John Cowan to be read into evidence because it bore neither Cowan's signature nor a statement by the officer explaining the reason for its omission. This requirement is set forth in Supreme Court Rule 207, which provides in relevant part:

"(a) Submission to Deponent; Changes; Signing. If the testimony is transcribed, the deposition shall be made available to the deponent for examination unless his signature is waived by him and by the parties who are represented at the deposition. Any changes in form or substance which the deponent desires to make shall be entered upon the deposition by the officer with a statement of the reasons given by the deponent for making them. The deposition shall then be signed by the deponent unless he is ill or cannot be found or refuses to sign. If the deposition is not signed by the deponent, the officer's certificate shall state the reason for the omission of the signature. The deposition may then be used as fully as though signed, unless on a motion to suppress the court holds that the reasons given for a refusal to sign require rejection of the deposition in whole or in part." (Ill. Rev. Stat. 1977, ch. 110A, par. 207(a).)

The question thus presented is whether the admission into evidence of portions of Cowan's deposition, which was undeniably not in full compliance with the rule, is reversible error. Defendant contends that it is and cites *Bezin v. Ginsburg* (1978), 59 Ill. App. 3d 429, 375 N.E.2d 468. In that case, defendants were granted summary judgment and in support of their motion had submitted an unsigned deposition which had been taken of the deponent in another case. Concerning the use of the deposition, the *Bezin* court stated:

"[T]he rule allowing the use of deposition testimony in support of a motion for summary judgment contemplates that the deposition relied upon is one which has properly been made a part of the court record. Supreme Court Rule 207 prescribes the procedure for signing and filing depositions. (Ill. Rev. Stat. 1975, ch. 110A, par. 207.) The deposition must either be signed by the deponent or contain a waiver of signature. It is further required that the deposition be certified, sealed and filed with the clerk of the court. When no attempt is made to comply with the above rules the deposition is clearly informal and insufficient. [Citations.]

The proposed use of the * * * deposition was clearly unauthorized. The deposition was improperly acquired—Bezin was not a party to the lawsuit in which the deposition was taken. (See Ill. Rev. Stat. 1975, ch. 110A, par. 202.) Because Bezin never became a party to that initial lawsuit, the unsigned deposition was never filed nor made a part of the court record in that case. In the instant case Bezin did not file the deposition with the court as required by rule, but merely made the deposition a part of his motion for summary judgment. We cannot accept Bezin's suggestion that a totally improper deposition can be transformed into an acceptable affidavit in complete disregard of the rules prescribing the form and manner in which depositions are to be obtained." (59 Ill. App. 3d 429, 436, 375 N.E.2d 468, 474.)

The *Bezin* court noted, however, that the memorandum decision of the trial court indicated that it did not rely upon the deposition in question in ruling on the motion for summary judgment and that therefore no impropriety resulted. It appears also that the deposition had been taken in another case of a person who was not a party in the case under review and that the deposition had not been filed. In the case at bar, Cowan's deposition had in fact been filed, and he was a party plaintiff at the time although dismissed as such before trial.

Plaintiff, on the other hand, contends that the irregularities in Cowan's deposition do not require reversal. She argues that there was no actual prejudice in the reading of it to the jury, because defendant's counsel was present and had cross-examined Cowan at the deposition and had received a copy of the transcript. In support, he refers us to *Cibis v. Hunt* (1964), 48 Ill. App. 2d 487, 199 N.E.2d 246, where the trial court granted plaintiff's motion for summary judgment based upon a deposition which had not been "signed, filed, or certified as required by Supreme Court Rule." (48 Ill. App. 2d 487, 491, 199 N.E.2d 246, 248.) This court affirmed on appeal, stating:

"The deposition was not signed by the deponents, nor does it contain a recital by the certifying officer that the parties waived signing. However the record does show that plaintiff's counsel was present when the depositions were taken, and that he examined each of the deponents at length. Under the circumstances we think it reasonable to assume that a copy of the deposition was available to both parties, however whether or not such is the fact we find nothing in the record indicating that in the trial court plaintiff raised any question as to the sufficiency of the deposition to meet the requirements of the Supreme Court Rule. His failure to move the trial court to suppress the deposition on the grounds raised on this appeal is unexplained. * * * [W]e hold that the deposition

defects or errors of which plaintiff now complains were waived by his failure to point out the same to the trial court." (48 Ill. App. 2d 487, 492-93, 199 N.E.2d 246, 248-49.)

It is clear that the *Cibis* court's affirmance was based on the fact that plaintiff had waived any objection by his failure to raise the point at trial. Although the court indicated that a deposition which lacked the proper signing or certification might nonetheless be acceptable if both parties' counsel were present at the deposition and possessed copies of the transcript, such was not squarely the holding of the case. Thus, we do not believe that *Cibis* is authoritative in the case at bar.

■■ Indeed, neither party has cited, nor have we found, any case which would aid in determining whether the portions of Cowan's deposition offered by plaintiff were improperly received in evidence. In examining the circumstances, however, we note that the irregularities were technical in nature and defendant has not shown any resulting prejudice. Further, we think it is significant that defendant has made no contention that the transcript inaccurately reported the deponent's responses or that it was defective in any manner other than the lack of signature and that the deposition testimony was essentially corroborated by that of the other witnesses. In the light thereof and considering the fact that no actual prejudice against defendant has been argued or shown, we believe that reversal is not justified because the deposition was lacking an explanation for the absence of deponent's signature.

Defendant also contends that the trial court erred in directing a verdict in plaintiff's favor on the issues of defendant's negligence and plaintiff's contributory negligence.

■■ Turning first to the question of his negligence, defendant asserts that the following statute, in effect at the time of the accident, "controlled the issue of liability in this case":

"The driver of a vehicle intending to turn to the left within an intersection or into an alley, private road, or driveway shall yield the right-of-way to any vehicle approaching from the opposite direction which is so close as to constitute an immediate hazard, but said driver, having so yielded may proceed at such time as a safe interval occurs." (Ill. Rev. Stat 1977, ch. 95½, par. 11—902.)

He argues that "[e]ven the most biased reading of this Statute required that the Jury be allowed to decide the issue of liability" and that the direction of the verdict was therefore error. We do not agree. Initially, we note that this statute does not "control" the issue of liability in the manner suggested by defendant. While the violation of a statute or ordinance designed for the protection of human life or property is considered prima facie evidence of negligence (*Davis v. Marathon Oil Co.* (1976), 64 Ill. 2d

380, 356 N.E.2d 93; *Dini v. Naiditch* (1960), 20 Ill. 2d 406, 170 N.E.2d 881), it does not constitute negligence per se, inasmuch as it may be rebutted by proof that a person nonetheless acted reasonably under the circumstances (*Davis v. Marathon Oil Co.; Johnson v. Pendergast* (1923), 308 Ill. 255, 139 N.E. 207). Furthermore, the question as to when the issue of liability may be taken from the jury is governed by the familiar standard enunciated in *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 229 N.E.2d 504, which provides that verdicts may be directed "only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand." (37 Ill. 2d 494, 510, 229 N.E.2d 504, 513-14.) From the record here, it appears to be uncontradicted that defendant approached the intersection and had stopped in the southbound left hand turn lane for three to four seconds; that he then moved forward and stopped again about in the middle of the northbound left turn lane; that there were approximately six cars stopped in the northbound left turn lane; that the Cowan car was traveling in the center northbound lane and had been in that lane some time prior to arriving at the intersection; that defendant had clear vision for about two or three blocks down the oncoming northbound lanes; that failing to see the Cowan car, defendant continued into his left turn and then saw the Cowan car about 30 feet from the intersection; and that he applied his brakes, but the collision resulted. Specifically, defendant testified that he did not see the Cowan car until one or two seconds before the collision and that it was then traveling about 30 m.p.h., with the impact occurring in the middle of the three northbound lanes. He was traveling less than 5 m.p.h. at the time of the impact and stated that the damage to his vehicle was "the front end, the hood, the radiator." Plaintiff's daughter testified substantially as did her father, but in addition stated that she did not actually see the Cowan vehicle until it was about 10 feet away and about one to two seconds before the impact; that she assumed the Cowan car had been one of those waiting in the left turn lane, because she had not seen it before; and that the impact between the cars was very slight.

Defendant refers us to nothing in the testimony of either plaintiff or her ex-husband which is helpful to his position. The plaintiff stated she had been paying no attention to the operation of their vehicle or other traffic, and she stated she did not see defendant's car before the impact. She did state, however, that their car had been traveling in the middle lane all the time it had been on Rand Road. John Cowan testified that he had been in the center northbound lane for some time prior to the collision; that defendant's car made a left turn into the intersection just as he was passing through; and that the center front of defendant's car hit the left front of his car with both vehicles stopping at the point of collision.

■■ Whether, as Cowan stated, defendant made a left turn into the intersection as Cowan was passing through it; or whether, as defendant testified, he had stopped in his left turn and, seeing no vehicles approaching, proceeded ahead and observed for the first time the Cowan car 30 feet away traveling about 30 m.p.h., we believe that defendant was negligent in failing as required by section 11—902 of the Illinois Rules of the Road to yield to traffic approaching from the opposite direction which was so close as to constitute an immediate hazard, and we hold that the trial court properly directed a verdict on the question of defendant's negligence.

With respect to plaintiff's contributory negligence, we note that defendant has not referred us to, nor have we found, any evidence whatsoever tending to indicate that plaintiff was not in the exercise of due care at or immediately before the collision in question. She was a passenger in the Cowan car and her testimony was uncontradicted that she had been paying no attention to traffic, standing or moving, prior to the collision. We therefore hold that the direction of the verdict on the issue of her contributory negligence was proper.

In the light of the foregoing, the judgment is affirmed.

Affirmed.

MEJDA and WILSON, JJ., concur.