EDWARD KENNEKE *et al.*, Plaintiffs-Appellants, *v.* THE FIRST NATIONAL BANK OF CHICAGO *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 77-830

Opinion filed September 27, 1978.

Warren L. Schmidt and John J. Burns, both of Chicago (Robert P. Sheridan, of counsel), for appellants.

Kirkland & Ellis, of Chicago (Don H. Reuben, Thomas F. Ging, and David L. Carden, of counsel), for appellees.

Mr. JUSTICE SIMON delivered the opinion of the court:

This appeal stems from a class action filed by two former employees of the company that published Chicago Today. Their employment was terminated when that newspaper ceased publication in 1974.

The plaintiffs' amended complaint alleged that, as part of a collective bargaining agreement between the company and their union, the plaintiffs and other union members voluntarily accepted reduced wages as consideration for the company's making provision for benefits for them under the Chicago Newspaper Publisher's Association Drivers Union Pension Plan (the Plan). According to the amended complaint, the defendants were the members of the Board administering the Plan, and the trustee of that Plan, and continued to hold the payments made into the pension fund for the fund's benefit after the plaintiffs' employment was terminated. The complaint consequently charged that because the defendants were being unjustly enriched at the expense of the plaintiffs and other class members, by holding money to which the plaintiffs were entitled, equity demanded that the money the company paid into the Plan on behalf of the plaintiffs be returned to them.

After a hearing, the trial court granted the defendants' motion to dismiss the complaint for failure to state a proper cause of action under section 45 of the Illinois Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 45) and dismissed the cause. The plaintiffs in this appeal argue that the trial court erred in dismissing their complaint. We agree with the plaintiffs' contention and hold that their amended complaint stated a cause of action. We also note here that we reach this holding on the basis of plaintiffs' first amended complaint and defendants' motion to strike and dismiss, neither of which set forth the actual provisions of the Plan itself. Our decision is merely that the first amended complaint without an examination of the Plan states a proper cause of action on a theory of

unjust enrichment; we are not passing upon how this case will be affected if either party chooses to introduce the terms of the pension fund agreement itself into evidence as this proceeding develops.

A motion to dismiss a complaint under section 45 should be granted only if it clearly appears that no set of facts can be proved permitting the plaintiff the recovery he seeks. (*J. J. Harrington & Co. v. Timmerman* (1977), 50 Ill. App. 3d 404, 407, 365 N.E.2d 721; *Harry v. Harry* (1976), 38 Ill. App. 3d 776, 349 N.E.2d 69.) In judging whether a complaint states a claim upon which relief can be granted, all well-pleaded facts and reasonable inferences must be taken as true, and if these facts and inferences create any basis for recovery, an order dismissing a cause of action for failure to state a proper cause of action must be reversed. (*Edgar County Bank & Trust Co. v. Paris Hospital, Inc.* (1974), 57 Ill. 2d 298, 305, 312 N.E.2d 259; *Johnson v. North American Life & Casualty Co.* (1968), 100 Ill. App. 2d 212, 217, 241 N.E.2d 332.) In an action in equity for unjust enrichment, a complaint on which recovery may be based need only allege that there be unjust retention of a benefit, including money, by one party to the detriment of another party, against the fundamental principles of justice, equity, and good conscience. (See 66 Am. Jur. 2d *Restitution and Implied Contracts* §3, at 945-46 (1973); *Morgan Guaranty Trust Co. v. Martin* (7th Cir. 1972), 466 F.2d 593, 595; *Willens v. City of Northlake* (1958), 19 Ill. App. 2d 316, 318, 152 N.E.2d 486; *National Malleable Castings Co. v. Iroquois Steel & Iron Co.* (1929), 333 Ill. 588, 595, 165 N.E. 199.) Here, the plaintiffs' amended complaint alleged that the payments the company made to the fund were part of the plaintiffs' compensation for the services they performed; the fund in fact received these monies; the company went out of business and discontinued making payments to the fund; and the fund retains the use and benefit of the monies despite the plaintiffs' claims, with the result that the defendants, as trustee of the fund monies and Board members administering the fund, were unjustly enriched at the plaintiffs' expense. Measuring the plaintiffs' amended complaint against this specific standard and the general rules applicable to the sufficiency of causes of action stated above, and taking the facts alleged in the complaint as true, it is possible that the plaintiffs could recover under the legal theory they advance. Accordingly, we hold that their amended complaint, when liberally construed (*Matchett v. Rose* (1976), 36 Ill. App. 3d 638, 645, 344 N.E.2d 770), was sufficient to state a proper cause of action. See generally Bernstein, *Employee Pension Rights When Plants Shut Down; Problems and Some Proposals,* 76 Harv. L. Rev. 952 (1963); *Lucas v. Seagrave Corp.* (D. Minn. 1967), 277 F. Supp. 338.

For the reasons stated, the judgment of the circuit court dismissing the

complaint is reversed, and the cause is remanded for further proceedings consistent with the holdings of this opinion.

Judgment reversed and remanded.

JIGANTI, P. J., and McNAMARA, J., concur.