JOHN H. O'BRIEN, Plaintiff-Appellant, *v.* STATE STREET BANK & TRUST CO., Defendant-Appellee.

Fourth District   No. 15559

Opinion filed March 21, 1980.—Rehearing denied April 15, 1980.

Stanley L. Tucker, of Hartzell, Glidden, Tucker & Neff, and Albert V. Ancelet, of Capps, Cosgrove & Ancelet, both of Carthage, for appellant.

Keefe, Snowden, Gorman & Brennan and Loos & Schnack, both of Quincy, for appellee.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

The trial court dismissed plaintiff's second amended complaint without leave to amend. Plaintiff appeals.

Count I of the complaint alleges that the defendant intentionally interfered with the plaintiff's existing and prospective business relationships. The second count of the complaint is identical except that it alleges negligent, not intentional, interference. The trial court's order did not set forth any reasons for its decision.

The plaintiff contends that the trial court erred when it dismissed without leave to amend count I of the plaintiff's second amended complaint because, simply put, count I stated a cause of action for the intentional interference with the plaintiff's existing and prospective business relationships. In conjunction with this issue the plaintiff further contends that the facts alleged in count I warrant the claim for punitive damages. The plaintiff's final allegation of error is that the trial court should not have dismissed count II.

Although the trial court was correct in dismissing count II of the plaintiff's second amended complaint, we must reverse the trial court's order and remand the case for trial because count I states a cause of action for the intentional interference with existing and prospective business relationships.

By appealing the dismissal of count II of the plaintiff's second amended complaint, the plaintiff is asking us to recognize a cause of

action for the negligent interference with business relationships. Illinois, in keeping with the majority of jurisdictions, does not recognize such a cause of action. The plaintiff does not present this court with any persuasive reasons why we should recognize this cause of action.

On the other hand, Illinois has long recognized a cause of action for the intentional interference with business relationships. (See *Doremus v. Hennessy* (1898), 176 Ill. 608, 52 N.E. 924.) Regarding the question of whether count I stated a cause of action for the intentional interference with business relationships, the parties' briefs, and consequently our discussion, are structured around the four elements of the *prima facie* case as enumerated in the following definition:

> "The elements which establish a prima facie tortious interference are the existence of a valid business relationship (not necessarily evidenced by an enforceable contract) or expectancy; knowledge of the relationship or expectancy on the part of the interferer; an intentional interference inducing or causing a breach or termination of the relationship or expectancy; and resultant damage to the party whose relationship or expectancy has been disrupted. The interest protected is the reasonable expectation of economic advantage." *City of Rock Falls v. Chicago Title & Trust Co.* (1973), 13 Ill. App. 3d 359, 363, 300 N.E.2d 331, 333.

The first element of the *prima facie* case that should be pleaded in count I of the plaintiff's complaint is an interference with a valid business relationship or expectancy. To support his contention that the plaintiff has not met this requirement, the defendant relies upon *Parkway Bank & Trust Co. v. City of Darien* (1976), 43 Ill. App. 3d 400, 357 N.E.2d 211.

The court, in *Parkway*, concluded that plaintiff's complaint did not state a cause of action for the intentional interference with business relationships because it did not allege an interference with a business relationship with either specific third parties or with an identifiable prospective class of third persons. The defendant contends that the plaintiff here does not plead interference with an identifiable class of third parties.

However, paragraph four of the plaintiff's complaint stated: "That Plaintiff, in his BUSINESSES owned expectancies, good will, and existing business relationships including contracts, accounts and obligations for the purchase and sale of goods with the *numerous customers and suppliers of Plaintiff's BUSINESSES*." (Emphasis added.) Paragraph 11 stated that the defendant's conduct destroyed the plaintiff's business relationships, and his ability to obtain credit. We are satisfied that the plaintiff does plead interference with an identifiable class of third parties. See *Crinkley v. Dow Jones & Co.* (1978), 67 Ill. App. 3d 869, 385 N.E.2d 714.

The second element of the *prima facie* case that should be in count I of the plaintiff's complaint is knowledge of the relationship or expectancy on the part of the interferer. The plaintiff's complaint alleged in paragraph 5 of count I: "Defendant had knowledge of Plaintiff's BUSINESSES, business relationship, business good will and expectancies, both as to existing relationships and anticipated future relationships and economic advantage." In light of section 42(2) of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 42(2)), which states: "No pleading is bad in substance which contains such information as reasonably informs the opposite party of the nature of the claim or defense which he is called upon to meet," the plaintiff has properly pleaded the knowledge element of the tort in question.

The third element of the *prima facie* case that should be in count I of the plaintiff's complaint is an intentional interference inducing or causing a breach or termination of the relationship or expectancy. In paragraph 9, the plaintiff alleges "[t]hat the Defendant, * * * willfully, wantonly, intentionally, maliciously, recklessly, and in bad faith committed or caused to be committed one or more of the following wrongful and intentional acts of interference, * * *." The plaintiff goes on to allege the acts of interference in great specificity. In paragraph 11, the plaintiff alleges that the defendant's conduct "destroyed the expectancies, good will, existing business relationships, * * *." Accordingly, we are satisfied that the plaintiff has pleaded this third required element of the *prima facie* case.

The fourth, and final, element of the *prima facie* case that should be in count I of the plaintiff's complaint is resultant damage to the party whose relationship or expectancy has been disrupted. Inasmuch as the plaintiff's complaint involves interference with existing and prospective business relationships and count I alleges that specific acts of interference by the defendant destroyed the plaintiff's business and rendered him bankrupt, we find that the plaintiff sufficiently has pleaded this fourth required element.

■■ Count I of the plaintiff's second amended complaint properly pleads the four elements of the *prima facie* case required to state a cause of action for the intentional interference with existing and prospective business relationships. Therefore, contrary to the allegations of the defendant's motion to dismiss, the plaintiff's second amended complaint sufficiently pleads the cause of action.

The final question this appeal presents us is whether the facts alleged in count I warrant the claim for punitive damages.

■■ Punitive damages are awarded to punish and deter because of aggravated misconduct on the part of the defendant. (*Mattyasovszky v. West Towns Bus Co.* (1975), 61 Ill. 2d 31, 330 N.E.2d 509.) However,

punitive damages should not be awarded if the defendant's misconduct is not above and beyond the conduct needed for the basis of the action. If the plaintiff proves sufficiently serious misconduct that warrants punitive damages, the question of whether or not to award them is left to the jury. But it is for the trial court, in the first place, to say whether the plaintiff has proved misconduct aggravated enough to present the issue of punitive damages to the jury. Accordingly, the trial court, not us, should rule upon this issue after the evidence has been presented.

For the reasons stated herein, we reverse, in part, the trial court's order, and remand the case for trial on the cause of action we find stated in count I of the plaintiff's second amended complaint. We affirm the dismissal of count II of the plaintiff's second amended complaint.

Affirmed in part, reversed in part, and remanded.

TRAPP and GREEN, JJ., concur.