CHICAGO NEWSPAPER PUBLISHERS' ASSOCIATION—DRIVERS UNION PENSION PLAN *et al.*, Plaintiffs-Appellees, *v.* AETNA CASUALTY AND SURETY COMPANY, Defendant-Appellant.

First District (3rd Division)    No. 79-852

Opinion filed September 30, 1980.

Dent, McNeela & Griffin, of Chicago, for appellant.

Reuben & Proctor, of Chicago (Thomas F. Ging, of counsel), for appellees.

Mr. JUSTICE SIMON delivered the opinion of the court:

A pension fund, whose board members were insured under a fiduciary responsibility insurance policy, looked to its insurer, Aetna, to defend a suit seeking an interpretation of the pension plan. Claiming that the suit did not come under its policy coverage, the insurer refused to defend. At issue in the underlying suit was the pension fund's refusal to make payments to persons claiming to be vested beneficiaries. The refusal was based upon a good-faith interpretation of the pension plan by the board members and hence was not a breach of their fiduciary duties. The refusal to defend was therefore justified and the insurer is not now estopped to deny coverage.

■■■ The law in this area is settled. Where a policy provides the insurer has the right and duty to defend any claims brought against its insured, the insurer taking the position that a complaint brought against the insured is not covered by the policy should defend the suit under a reservation of rights or seek a declaratory judgment that there is no coverage. (*La Rotunda v. Royal Globe Insurance Co.* (1980), 87 Ill. App. 3d 446, 408 N.E.2d 928, and cases cited therein.) If the insurer does not, it is estopped from later disputing coverage and is liable for the award against the insured and the costs of the suit. Because the duty to defend is broader than the duty to pay, "[t]he insurer can safely and justifiably refuse to defend only when the allegations *clearly* show on their face that the claim is beyond policy coverage." *La Rotunda*, 87 Ill. App. 3d 446, 451.

This case thus revolves around the allegations of the complaint brought against the insureds, the Chicago Newspaper Publishers' Association—Drivers Union Pension Plan and the members of its administrative board. The board members and the trustee were sued in 1975 by Edward Kenneke on behalf of all delivery drivers for the Chicago Today. The Kenneke complaint, filed as a class action, alleged that the paper had made contributions to the Plan's trust fund on the drivers' behalf. These contributions were held by the insureds, whose duties as board members were to "determine the policies of the Fund, to establish rules and regulations therefor, and to determine who is entitled to benefits thereunder." The paper went out of business in 1974, and the drivers lost their jobs. No further contributions were made to the fund on their behalf. The

drivers were told that because no more payments were being made on their behalf, their rights had not vested and they had no interest in or rights under the pension plan. The fund retained the payments made by the paper on the drivers' behalf. In a two-count complaint, Kenneke asked first for a return of the money paid into the fund on the drivers' behalf, plus five percent interest and an amount to defray the extra tax liability of obtaining the contribution in a lump sum rather than over the years in the form of a pension. The complaint also sought a declaration of rights under the Employee Retirement Income Security Act (ERISA) (29 U.S.C. §1001 *et seq.* (1976)).

The Kenneke complaint was filed on October 23, 1975. The Plan's lawyers made preliminary appearances and began to prepare the Plan's defense. On November 24, 1975, the Plan tendered defense of the suit to Aetna, its insurer. On January 5, 1976, the Plan moved to dismiss the Kenneke complaint. The Plan was informed by Aetna 8 days later that the tendered defense had been refused. The defense was retendered to Aetna and again refused, but communications continued between the Plan and Aetna. Aetna eventually contacted the attorney for Kenneke and made a written offer to the Plan to assume the defense under a reservation of rights. When the offer was made the Plan switched its position and said that it would handle the defense on its own, declining the offer by citing a conflict of interest Aetna's attorneys had. The Plan continued with the defense of the suit, obtaining a dismissal which this court reversed on appeal because the complaint stated a cause of action for unjust enrichment. (*Kenneke v. First National Bank* (1978), 65 Ill. App. 3d 10, 382 N.E.2d 309.) The Kenneke suit is still pending.

The Plan filed the present suit on June 8, 1977. It asked for a declaratory judgment of Aetna's policy obligations to pay for any judgment adverse to the Plan and the costs and expenses of the defense. It also sought attorneys' fees for Aetna's "willful and vexatious" violation of its policy obligations to pay for the defense. After a stipulation of facts, the circuit court granted partial summary judgment to the Plan, ordering Aetna to reimburse the Plan for legal fees and expenses incurred.

Under the policy, entitled "Pension and Welfare Fund Fiduciary Responsibility Insurance Policy," Aetna had the right and duty to defend any claim against the Plan for any wrongful act of the insureds, even if the claim was groundless, false or fraudulent. Wrongful act was defined as "any breach of fiduciary duty by the insureds in the discharge of their duties on behalf of the" Plan. There are several exclusions to the policy but it is unnecessary to discuss them, for the Plan's retention of the contributions made on behalf of the drivers was not a wrongful act under the policy.

In determining what is a wrongful act under the policy, it should be

noted that ERISA defines the fiduciary duties of those who administer employee pension plans. (29 U.S.C. §1104 (1976).) The parties here do not discuss whether ERISA preempts State laws which impose fiduciary duties on pension fund administrators. Regardless of preemption, the State law and ERISA law of fiduciary duties in this area are the same.

The normal pattern of a breach of a fiduciary duty in the pension fund context is a looting or squandering of the assets through self-dealing or imprudent investments. The Kenneke complaint, on the other hand, charges nothing more than an unjust enrichment of the pension fund. The duty breached here then, if any, must have been a duty not to the Plan itself but to the beneficiaries of the Plan. The board members did indeed have a fiduciary duty to the Plan's beneficiaries: not to make wrongful payments out of the fund to those who were not entitled to payment. The board members were obligated to be prudent in interpreting the provisions of the pension plan to avoid making payments to those not deserving and so depleting the money available as to be unable to fully fund the vested rights of those remaining. *Stuart v. Continental Illinois National Bank & Trust Co.* (1977), 68 Ill. 2d 502, 523, 369 N.E.2d 1262, 1271.

■■ A good-faith and well-grounded interpretation of the pension plan which resulted in a ruling that the rights of the paper's drivers had not vested might have been incorrect, but it could not have been a breach of the board members' fiduciary duties. (*Shaw v. Kruidenier* (S.D. Iowa 1979), 470 F. Supp. 1375, 1391.) There is no hint in the Kenneke complaint that the board members acted in bad faith or negligently in refusing to pay the paper's drivers, and so there was not even any potential coverage under the fiduciary responsibility policy. Aetna was not estopped from disputing coverage; its refusal to defend was justified.

■■ That Aetna later offered to assume the defense under a reservation of rights did not create an estoppel where there was none before. In assessing its possible liability for a wrongful refusal to defend, Aetna might have taken a more conservative stance than necessary and offered to undertake the defense so long as it could litigate the coverage issue later. That litigation is now before this court. Aetna's offer did not change the fact that the Kenneke complaint did not trigger potential coverage.

■■ The grant of summary judgment to the Plan was in error. That judgment is reversed and, because no genuine issue of material fact remains, summary judgment is entered in favor of Aetna.

Judgment reversed.

McNAMARA and RIZZI, JJ., concur.