Frederick W. KNAPP, etc., et
al., Plaintiffs,

v.

Jack McCOY, etc., Defendant.

No. 82 C 3632.

United States District Court,
N.D. Illinois, E.D.

Oct. 1, 1982.

Krista L. Ravenscraft, Lincolnwood, Ill.,
for plaintiffs.

Alan S. Rutkoff, Kastel & Rutkoff, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Frederick W. Knapp ("Knapp"), a Chicago graphics artist specializing in radio station advertising promotions, alleges Californian Jack McCoy ("McCoy") misrepresented samples of Knapp's commercial artwork as McCoy's own and deprived Knapp of several prospective customers. McCoy has filed a Fed.R.Civ.P. ("Rule") 12(b)(6) motion to dismiss Knapp's Complaint. For the reasons stated in this memorandum opinion and order McCoy's motion is denied.

### Knapp's Complaint

Knapp's Complaint is scarcely a model of legal draftsmanship or clarity.[1] In accordance with the principles stated later in this opinion, its basic allegations may be summarized this way:[2]

Knapp designed and produced commercial artwork for successful 1979 and 1980 direct mailing promotions by Louisville and Los Angeles radio stations. McCoy later attempted to sell direct mail advertising campaign "packages" to various radio stations in Illinois and elsewhere. In doing so he falsely represented Knapp's artwork as his own. McCoy successfully consummated several "package" sales based in whole or in part on Knapp's own advertising artwork and "packages." Knapp seeks various forms of legal and equitable relief.

McCoy correctly observes Knapp's theories of relief are not readily apparent from the Complaint. Knapp's responsive memorandum speaks more clearly in that respect. In any case McCoy's memoranda argue Knapp has failed to state a claim under any of the theories adumbrated by Knapp in either place.

### Knapp's Causes of Action

"[O]n a motion to dismiss, a complaint must be construed in the light most favorable to the plaintiff, the allegations thereof being taken as true; and, if it appears reasonably conceivable that at trial the plaintiff can establish a set of facts entitling him to some relief, the complaint should not be dismissed." *Mathers Fund, Inc. v. Colwell Co.,* 564 F.2d 780, 783 (7th Cir. 1977). Moreover, this Court "is under a duty to examine the complaint to determine if the allegations provide for relief under any possible theory and should not dismiss the complaint merely because the plaintiff's allegations do not support the legal theory set forth in the complaint." *Craft v. Board of Trustees,* 516 F.Supp. 1317, 1323 (N.D.Ill. 1981). That duty extends to seeking out possible theories not well articulated (or not articulated at all) in the Complaint. *See* 5 Wright & Miller, *Federal Practice and Procedure* § 1357, at 601–02 (1969).

This Court need not address each of the possible theories of relief raised in the parties' memoranda. Clearly the Complaint adequately supports each of two claims under Illinois law:[3]

1. one for tortious interference with prospective advantage; and
2. one for unjust enrichment.

This opinion also comments on the doubtfulness of Knapp's statement of a third claim: that of common-law copyright.

---

1. Knapp originally filed suit in the Circuit Court of Cook County, Illinois. McCoy then removed the action to this Court pursuant to 28 U.S.C. § 1441. Although Illinois pleading differs from the federal practice, that neither explains nor justifies the deficiencies in the Complaint.

2. Both here and elsewhere in this opinion, statements of "fact" are drawn from the Complaint. No *findings* of fact are made or implied by such statements.

3. Under *Erie v. Tompkins* principles, state law provides the rules of decision on all such questions of substance. In tort actions Illinois courts apply the law of the state with the "most significant relationships" to the complaint's allegations. *Ingersoll v. Klein,* 46 Ill.2d 42, 262 N.E.2d 593 (1970). Knapp, an Illinois resident, sustained his alleged economic injuries here. At least some of McCoy's alleged tortious conduct also occurred in Illinois. *See Ingersoll,* 46 Ill.2d at 47–48, 262 N.E.2d at 596; Restatement (Second) of Conflict of Laws § 145 (1971). Thus Illinois is the state with the "most significant relationships," and its substantive law applies.

### 1. Tortious Interference with Prospective Advantage

■ Illinois' recognition of this first cause of action requires four substantive allegations:

1. Plaintiff has a reasonable expectancy of entering into a valid business relationship.

2. Defendant knows of plaintiff's expectancy.

3. Defendant intentionally interferes in plaintiff's expectancy, preventing it from ripening into a valid business relationship.

4. Plaintiff suffers damages from defendant's interference.

*Nemeth v. Banhalmi,* 99 Ill.App.3d 493, 497, 55 Ill.Dec. 14, 17, 425 N.E.2d 1187, 1190 (1st Dist. 1981); *Woerner v. Brzeczek,* 519 F.Supp. 517, 523 (N.D.Ill.1981). Allegations in the Complaint will be measured against each of those requirements in turn.

### A. Knapp's Expectancy

■ Opportunity to obtain customers is one of the expectancies protected by the tort action for interference with prospective advantage. W. Prosser, *Handbook of the Law of Torts* § 130, at 950 (4th ed. 1971). McCoy interfered both with specific potential customers[4] and with an identifiable general class of customer "radio stations." Either description is adequate in Illinois pleading terms (and certainly under Rule 8(a) as well). *Crinkley v. Dow Jones & Co.,* 67 Ill.App.3d 869, 878–80, 24 Ill.Dec. 573, 579–80, 385 N.E.2d 714, 720–22 (1st Dist. 1978). Moreover Knapp's prior artwork was commercially successful, and he has pleaded implicitly if not explicitly the reasonableness of his expectation of obtaining new customers.

### B. McCoy's Knowledge

McCoy is engaged in the business of preparing radio station promotional advertising "packages." He obtained copies of Knapp's graphic artwork and presented them as his own product to radio stations in the market for such artwork. Knapp is entitled to the common sense inference from those allegations: McCoy knew he was interfering with Knapp's expected opportunity to obtain new customers. *Cf. Jones v. Local 520, International Union of Operating Engineers,* 524 F.Supp. 487, 492 (S.D.Ill.1981) (common sense inference overcomes lack of specificity of pleading).

### C. McCoy's Intentional Interference[5]

McCoy made his misrepresentations "knowing of their falsity, but, notwithstanding such knowledge, McCoy deliberately and maliciously made such representations with the intent to unfairly compete with and injure Plaintiff, and to profit from his efforts." (Count I, ¶ 9). One specific example of such behavior was McCoy's successful solicitation of potential business from a Richmond, Virginia radio station. Although stylistically inelegant and grammatically incorrect, Knapp's general allegation certainly satisfies the notice pleading approach of Rule 8(a). Indeed it would be adequate under the normally more demanding Illinois pleading standards. *Cf. O'Brien v. State Street Bank & Trust Co.,* 82 Ill. App.3d 83, 86, 37 Ill.Dec. 263, 265, 401 N.E.2d 1356, 1358 (4th Dist. 1980) (approving similar general allegation followed by allegations of specific acts by defendant). Moreover, McCoy's alleged conduct is clearly wrongful and not in accord with legitimate competitive practices. *See Panter v. Marshall Field & Co.,* 646 F.2d 271, 298 (7th Cir.), *cert. denied,* 454 U.S. 1092, 102 S.Ct. 658, 70 L.Ed.2d 631 (1981).

### D. Knapp's Damages

Knapp has lost the beneficial effects of his own successful advertising artwork because of McCoy's actions. In turn McCoy benefited from his use of Knapp's good

---

4. Radio stations WCLR in Chicago and WRVQ in Richmond, Virginia.

5. There is some logical overlap between this and the next allegation essential to the interference-with-prospective-advantage tort. This and the next section of the text should thus be read together.

reputation and graphic products. Finally, Knapp has lost profits from McCoy's sale of misrepresented advertising campaign "packages" to radio stations. By any measure, those allegations meet the fourth Illinois substantive allegation requirement. *See O'Brien,* 82 Ill.App.3d at 86, 37 Ill.Dec. at 265, 401 N.E.2d at 1358.

\* \* \*

Thus Knapp remains in court under our liberal Federal Rules governing pleadings. But no inference should be drawn as to Knapp's prospects of recovery on this first theory, which ordinarily requires a showing Knapp would likely have received the specific business he alleges McCoy "stole" from him. Some "sufficient degree of certainty" on this point is necessary to show Knapp's actual loss and damage. *See* Prosser § 130, at 950.

### 2. *Unjust Enrichment*

Knapp's radio promotion "packages" were knowingly used by McCoy for his own economic advantage. That allegation states a claim for unjust enrichment under Illinois law.

Illinois courts recognize an action—derived from the doctrine variously referred to as quasi contract, contract implied in law, or quantum meruit—"maintainable wherever one party has received money or its equivalent under circumstances in which, according to the dictates of equity and good conscience, he ought not to retain such benefit." *Rutledge v. Housing Authority of East St. Louis,* 88 Ill.App.3d 1064, 1069, 44 Ill.Dec. 176, 179, 411 N.E.2d 82, 85 (5th Dist. 1980). That action exists independently of any agreement between the parties, *id.,* and sounds in equity.

 All a plaintiff need establish in an unjust enrichment action is "that there be unjust retention of a benefit, including money, by one party to the detriment of another party, against the fundamental principles of justice, equity, and good conscience." *Kenneke v. First National Bank of Chicago,* 65 Ill.App.3d 10, 12, 21 Ill.Dec. 945, 947, 382 N.E.2d 309, 311 (1st Dist. 1978) (Simon, J.). Knapp has adequately pleaded the necessary substantive allegations.

Finally (though the question need not be decided at this time), it is possible a claim for unjust enrichment, if it focuses on McCoy's retention of benefit rather than on Knapp's provable "damage," may avoid the evidentiary problem discussed at the end of the tortious interference section. *Cf. Business Development Services, Inc. v. Field Container Corp.,* 96 Ill.App.3d 834, 844, 52 Ill.Dec. 405, 414, 422 N.E.2d 86, 95 (1st Dist. 1981) (quantum meruit for services rendered).

### 3. *Common-Law Copyright*

 Knapp's Complaint does not make clear whether he alleges McCoy actually copied Knapp's artwork or merely Knapp's idea for direct mail promotional campaigns. Common-law copyright protection does not extend to an idea unless it has been reduced to concrete form. *See Szczesny v. W.G.N. Continental Broadcasting Corp.,* 54 Ill. App.3d 619, 624, 12 Ill.Dec. 388, 391–92, 370 N.E.2d 11, 14–15 (1st Dist. 1977). To the extent Knapp alleges McCoy copied Knapp's marketing idea rather than his artwork, the Complaint does not state a claim for common-law copyright infringement.

### *Conclusion*

Knapp's Complaint states claims for relief under Illinois law. McCoy's Rule 12(b)(6) motion is therefore denied. Knapp's motion for leave to file an Amended Complaint under Rule 15 is granted, with McCoy to answer or otherwise plead within 14 days after service of that pleading. If Knapp elects to proceed in that respect, some research and care are in order.