Leslie KEMMERER, d/b/a Sun Belt Industries, Inc., a California corporation, Plaintiff,

v.

The JOHN D. & CATHERINE T. MacAR-THUR FOUNDATION, an Illinois Not-for-Profit corporation; A.G. Becker Paribas, Inc.; First Winthrop Corporation; John Corbally; and William T. Kirby, individually and as directors/trustees; and David Murdock, individually, Defendants.

No. 84 C 0386.

United States District Court, N.D. Illinois, E.D.

June 25, 1984.

Robert M. Grossman, Donald G. Mulack/Philip V. Martino, Keck, Mahin & Cate, Chicago, Ill., for plaintiff.

Jay Erens, William E. Rattner, David H. Nadoff, Levy & Erens, Paul P. Biebel, Jr., Christine Rosso, Asst. Attys. Gen., Chicago, Ill., for defendants.

MEMORANDUM ORDER

ASPEN, District Judge.

Defendant The John D. & Catherine T. MacArthur Foundation's motion to dismiss

the complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted is granted.

■ Because plaintiff has voluntarily dismissed Count II, Count I is the only remaining portion of the complaint. Plaintiff asserts that Count I, though "admittedly inartfully drawn" in some ways, properly states the requisite elements of the tort of intentional interference with prospective economic advantage. Under Illinois law, this tort has four substantive elements:

(1) Plaintiff has a reasonable expectancy of entering into a valid business relationship.

(2) Defendant knows of plaintiff's expectancy.

(3) Defendant intentionally interferes in plaintiff's expectancy, preventing it from ripening into a valid business relationship.

(4) Plaintiff suffers damages from defendant's interference.

*E.g., Knapp v. McCoy*, 548 F.Supp. 1115 (N.D.Ill.1982). Viewing the complaint's allegations in the light most favorable to the plaintiff, as a court must do when faced with a motion to dismiss, *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974), plaintiff fails in at least two respects to state a cause of action.

■ As to the first element of tortious interference with prospective economic advantage, plaintiff alleges that he entered into a valid business relationship with Harbor Management Corporation ("Harbor"). Plaintiff claims that under their agreement he would receive a sales commission if and when Harbor succeeded in purchasing certain property from defendants. Plaintiff's expectation of receiving a commission,

however, was contingent upon Harbor's purchasing the defendants' property. However, Harbor failed to do so. In fact, the exhibits to the complaint demonstrate that although plaintiff and his clients repeatedly expressed their interest in defendants' property, they never made an unconditional offer to purchase. Each communication indicated that they contemplated further negotiations on key provisions, such as the amount of the purchase price to be paid initially and the applicable interest rate for the remaining payments. "Where an offer contemplates action or deliberations beyond acceptance in order to create a binding contract, it is an offer to negotiate rather than an offer to purchase." *Casati v. Aero Marine Management Co., Inc.*, 43 Ill.App.3d 1, 6, 1 Ill.Dec. 544, 548, 356 N.E.2d 826, 830 (1st Dist.1976). Under these circumstances, defendants did not act improperly by accepting another buyer's firm offer and not selling the property to Harbor.[1] Plaintiff's desire for a commission was not a reasonable expectancy in this case.

■ Plaintiff also fails to plead adequately that defendants *intentionally* interfered with his opportunity to earn a commission. Plaintiff alleges that the defendant Foundation acted "for the express purpose of selling [its] property to Defendant, First Winthrop." From this, plaintiff infers an intent to interfere with his business relationship with Harbor. Such an inference, however, is not permissible.[2] At most, the allegations in the complaint show that defendants ignored plaintiff's offers to negotiate and decided at some point to deal with First Winthrop rather than any other buyer. Although defendants may have known about plaintiff and his commissions

---

**1.** Plaintiff's arguments relating to defendants' duties as trustees of a charitable trust are inapposite. Plaintiff has voluntarily dismissed the count of his complaint which involved the Attorney General and the duties owed to the public by defendants. He may not rely on these public duties in the remaining count asserting a solely private claim for his own benefit. An individual seeking purely personal gain has no standing to maintain a suit to enforce the duties of a

charitable trust. *See, e.g., Art Institute of Chicago v. Castle*, 9 Ill.App.2d 473, 478–79, 133 N.E.2d 748 (1st Dist.1956), and cases cited therein.

**2.** Plaintiff's reasoning would award any broker of an unsuccessful bidder a cause of action to recover potential commissions once a seller has chosen another buyer over the broker's principal. This result would be untenable.

contract with Harbor, no allegation or exhibit in the complaint suggests that defendants were anything but indifferent to him. To state a cause of action, plaintiff "must allege facts which indicate that the defendants acted with the purpose of injuring plaintiff's expectancies." *Crinkley v. Dow Jones and Co.*, 67 Ill.App.3d 869, 880, 24 Ill.Dec. 573, 385 N.E.2d 714 (1st Dist.1978) (citation omitted). Plaintiff has failed to do this.

Accordingly, defendant's motion to dismiss the complaint for failure to state an actionable claim is granted. It is so ordered.