John J. RACICH, Individually, and John J. Racich Insurance Agency, Inc., Plaintiffs,

v.

MID CONTINENT BUILDERS COMPANY, a/k/a MCBI Hospitality Company, Edward F. Siska, Individually, and Edward F. Siska Insurance Agency, and The Great West Life Assurance Company, Defendants.

No. 90 C 4021.

United States District Court, N.D. Illinois, E.D.

Feb. 1, 1991.

Lonnie M. Randolph, East Chicago, Ind., for plaintiffs.

William Nicholas Howard, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., for defendant Mid Continental Builders Co.

J. Robert Geiman, David Joseph Novotny, Douglas John Varga, Karen Cavello Yotis, Peterson & Ross, Chicago, Ill., for defendant Great West Life Assur. Co.

ORDER

NORGLE, District Judge.

Before the court are the motions of Mid Continent Builders Company ("Mid Continent") and The Great West Life Assurance Company ("Great West") to dismiss plaintiff's action for lack of subject matter jurisdiction. Not having received a response, the court granted these motions. On Janu-

ary 11, 1991, the court vacated that order and allowed plaintiff to file his response instanter[1]. Upon review of plaintiff's response, the court grants the motions to dismiss.

Plaintiff's complaint is based upon diversity of jurisdiction. Complaint, p. 2, par. 5. In order to meet the requirements of diversity jurisdiction, the plaintiff must allege, among other things, an amount in controversy in excess of $50,000.00. 28 U.S.C. § 1332. The defendants have moved to dismiss, arguing that the plaintiff has failed to allege a sufficient amount in controversy.

■ For the purposes of Fed.R.Civ.P. 12(b)(1), the amount in controversy claimed by a plaintiff in good faith will be determinative on the issue of jurisdictional amount, unless it appears to a legal certainty that the claim is for less than that required by the rule. *Lichter v. Paine, Webber, Jackson & Curtis, Inc.*, 570 F.Supp. 533 (N.D. Ill.1983). However, when the court's jurisdiction is challenged as a factual matter, the court is not bound to accept the allegations of the plaintiff's complaint. *Bellock v. Orkin Exterminating Co.*, 754 F.Supp. 122 (N.D.Ill.1990); *LaSalle Messinger Paper Co. v. Climax Press, Inc.*, No. 89 C 3661, 1989 WL 96454 (N.D.Ill. August 14, 1989). Where jurisdiction is challenged, the party invoking the jurisdiction bears the burden of supporting its jurisdictional allegations by "competent proof." *Grafton Corp. v. Hausermann*, 602 F.2d 781, 783 (7th Cir.1979), *citing, McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936) ("the court may demand that the party alleging jurisdiction justify his alle-

gations by a preponderance of evidence"). *See LaSalle Messinger*, slip op. at 5. The plaintiff is entitled to considerable latitude in supporting his allegations; he must be given the benefit of any facts he could conceivably prove in support of his allegations. *Lichter*, 570 F.Supp. at 536.

■ It is apparent from the face of the complaint that the plaintiff does not allege actual damages in excess of the jurisdictional amount[2]. Plaintiff claims that he meets the jurisdictional requirements through his request for punitive damages in the amount of $1,000,000.00. The defendants move to dismiss, arguing that punitive damages are not warranted and, absent an award of punitive damages, plaintiff does not meet the $50,000.00 requirement.

■ It is well established that: "Punitive damages are appropriate when the 'defendants acted wantonly and willfully ... or were motivated in their actions by ill will, malice, or a desire to injure the plaintiffs.'" *Tolliver v. Amici*, 800 F.2d 149, 151 (7th Cir.1986), *quoting, Hamilton v. Svatik*, 779 F.2d 383, 389 (7th Cir.1985) (citing *Jeanty v. McKey & Poague Inc.*, 496 F.2d 1119, 1121 (7th Cir.1974)). Illinois courts "take a rather dim view of punitive damages" and require a showing of extraordinary or exceptional circumstances to justify such an award. *AMPAT/Midwest, Inc. v. Illinois Tool Works, Inc.*, 896 F.2d 1035, 1043 (7th Cir.1990). Whether the plaintiff has made a sufficient showing to justify an award of punitive damages is an issue of law for the judge rather than the jury to decide. *Id.* (It is only after the court has determined that punitive damages are recoverable that the jury deter-

1. The court notes that defendants were to file their Reply brief by February 1, 1991. *See* Order of January 11, 1991. The court has received a letter, dated January 21, 1991 in which one of defendants' counsel informs the court that all counsel had agreed to extend the filing date for defendants' reply to February 11, 1991. However, no motion has been presented and no order of court has extended the filing date previously set. Therefore, since no reply has been timely filed, the court will proceed based upon the motions and memoranda in support and plaintiff's response.

2. Against defendant Mid Continent, plaintiff alleges actual damages of $26,444.00 plus a monthly expense of $2,000.00 for the services of a new employee. However, there is no indication of the length of the new employee's employment and a calculation of damages on that issue, therefore, cannot be made. Plaintiff seeks actual damages against Great West in the amount of $13,944.00.

mines the amount.) "Under Illinois law, 'punitive damages should not be awarded if the defendant's misconduct is not above and beyond the conduct needed for the basis of the action.'" *Fishman v. Estate of Wirtz*, 807 F.2d 520, 560 (7th Cir.1986), *quoting, O'Brien v. State Street Bank & Trust Co.*, 82 Ill.App.3d 83, 87, 37 Ill.Dec. 263, 266, 401 N.E.2d 1356, 1359 (4th Dist. 1980).

In this case, the plaintiff has not alleged facts sufficient to warrant the imposition of punitive damages. Plaintiff has alleged no facts which show that either Mid Continental or Great West acted maliciously, wantonly and willfully, with ill will or with a desire to harm the plaintiff. Plaintiff has merely alleged facts sufficient to state claims for detrimental reliance, estoppel and quantum meruit. Absent any extraordinary or exceptional acts on the part of the defendants, plaintiff is not entitled to punitive damages. Without the award of punitive damages, plaintiff cannot meet the amount in controversy requirement for diversity jurisdiction.

Accordingly, the court grants defendants motion to dismiss.

IT IS SO ORDERED.