Robert GROSSMAN, Pl ntiff,

v.

MINNESOTA MUTUAL LIFE INSURANCE COMPANY, a corporation, Defendant.

No. 93 C 5464.

United States District Court, N.D. Illinois, E.D.

Dec. 21, 1993.

David John Heyer, William J. Turner, Marvin A. Brustin, Charles E. Webster, Law Offices of Marvin A. Brustin, Chicago, IL, for plaintiff.

Catherine A.T. Nelson, Michael C. O'Neil, Jonathan G. Bunge, Keck, Mahin & Cate, Chicago, IL, for defendant.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiff Robert L. Grossman brings this three count complaint, asserting that he is entitled to disability insurance benefits from defendant Minnesota Mutual Life Insurance Company. Defendant has moved for judgment on the pleadings on Counts I and III.[1] For the reasons set forth below, we deny defendant's motion.

### I. Background

Defendant Minnesota Mutual Life Insurance Company ("Minnesota Mutual") is a Minnesota corporation with its principal place of business in Minnesota. During all relevant times, Minnesota Mutual was authorized to write disability insurance in Illinois. On July 10, 1984, plaintiff Robert Grossman became insured under a disability insurance policy issued by Minnesota Mutual. Under that policy, an insured was generally entitled to a monthly income benefit of $4,500 in the event of a disability.[2] The policy defines "disability" or "disabled" as follows:

[D]ue to sickness or injury you are unable to perform the substantial and material duties of your regular occupation.

. . . .

The substantial and material duties of your regular occupation are those duties which account for a major portion of your income. You will be considered unable to perform the substantial and material duties of your regular occupation if you are unable, due to your disability, to earn from

sion was not intended to be an exclusive remedy and that Interlake acted in bad faith.

1. Grossman originally filed a two count complaint, and Minnesota Mutual filed a motion for judgment on the pleadings on Count I of that complaint. During the pendency of the motion, Grossman amended his complaint to include Count III, which is substantively the same as Count I, but values damages from a different date. Accordingly, Minnesota Mutual requested that we apply its motion for judgment on the pleadings to both Counts I and III.

2. Payment of the benefit was subject to a ninety day waiting period following the onset of the ability.

your regular occupation more than 50% of your prior average earned income.

The policy also contains a notice and waiver provision:

You must give [Minnesota Mutual] notice of your claim within 30 days after the occurrence or commencement of any loss covered by this policy....

Our investigation of a claim, or our furnishing of claim forms, or our acceptance of your notice of claim and proof of loss shall not operate as a waiver of any of our rights to defend any claim arising under this policy.

According to the complaint and supporting documents, on August 14, 1987, Grossman became extremely dizzy while at work as a trader at the Chicago Board Options Exchange, and fainted, hitting his head. He received stitches for the resulting injury, but the dizziness persisted. As a result, he stopped working on August 17, 1987, but returned to his job on August 25, 1987. Because of the continuing dizziness, however, his ability to perform as a trader was "severely limited." Indeed, both his average hours worked and average monthly earned income fell to less than half their previous levels. Accordingly, Grossman asserts that he became disabled within the meaning of the policy on or about August 14, 1987.

Approximately three years later, on August 21, 1990, Grossman filed a Disability Claim Notice. In response, Minnesota Mutual obtained and reviewed Grossman's medical and hospital records. On January 8, 1991, Jon B. Meier, a claim consultant for Minnesota Mutual, sent Grossman a letter denying his claim. In relevant part, the letter stated:

[I]t is Minnesota Mutual Life's position that these records do not substantiate a medical condition that would preclude you from performing the substantial and material duties of your regular occupation for a period that would exceed your policy's 90–day waiting period. While Minnesota Mutual Life does note that your income dropped significantly in 1988 and 1989, it is not felt that the information presented substantiates that your medical condition

was responsible for this reduction in income.

I am sorry Minnesota Mutual Life could not reach a more favorable determination in regard to your claim for disability benefits. Minnesota Mutual Life would be happy to review any additional information you might wish to submit that would substantiate your medical disability.

The letter made no reference to either the thirty day notice provision or the three year lapse between the onset of Grossman's alleged disability and the corresponding Disability Claim Notice.

Claiming that Minnesota Mutual's denial of his claim was vexatious and without reasonable cause, Grossman filed this lawsuit, seeking benefits accruing from, in the alternative, August 14, 1987 (Count I), March 26, 1993 (Count II), or August 21, 1990 (Count III).

## II. Judgment on the Pleadings Standard

A party is entitled to judgment on the pleadings only if that party "clearly establishes that no material issue of fact remains to be resolved and that he or she is entitled to judgment as a matter of law." *National Fidelity Life Ins. Co. v. Karaganis*, 811 F.2d 357, 358 (7th Cir.1987) (citing *Flora v. Home Fed. Savings & Loan Ass'n*, 685 F.2d 209, 211 (7th Cir.1982)). We will consider only matters presented in the pleadings, and will view the facts in the light most favorable to the non-moving party. *National Fidelity*, 811 F.2d at 358 (citing *Republic Steel Corp. v. Pa. Eng'g Corp.*, 785 F.2d 174, 177 n. 2 (7th Cir.1986).

## III. Discussion

Minnesota Mutual asserts that it is entitled to judgment on the pleadings on Counts I and III because Grossman failed to comply with the thirty day notice requirement included in the policy. Indeed, Grossman waited over three years before submitting his notice of claim. However, Grossman maintains that Minnesota Mutual has waived its right to raise the notice provision as a defense to his claim, since it actually reviewed and denied the claim on the merits. Because we find a genuine issue of material fact as to whether Minnesota Mutual has waived its right to raise a notice-based defense, we are

unable to grant Minnesota Mutual's motion for judgment on the pleadings.

The primary case Minnesota Mutual relies upon in asserting that waiver should not apply is *National Tea Co. v. Commerce & Industry Ins. Co.*, 119 Ill.App.3d 195, 74 Ill. Dec. 704, 456 N.E.2d 206 (1983). In that case, the plaintiffs held a fire insurance policy which required the insured, in the event of a fire, to preserve and maintain the damaged building. Following a fire, the plaintiffs submitted a proof of loss. In denying the claim, the insurer stated that it was "excessive," but did not cite plaintiffs' alleged failure to maintain the damaged property following the fire. However, the denial letter did state that it was not intended as a waiver, and that the insurer reserved its right to assert any other rights or defenses "which may exist or later become known to exist." *National Tea*, 74 Ill.Dec. at 707, 456 N.E.2d at 209.

On appeal, the insurer argued that the trial court improperly concluded that the letter operated as a waiver of the insurer's "preserve and maintain" affirmative defense. In considering this claim, the Illinois court set forth some basic principles of waiver, as applied in the insurance context:

> Waiver has been defined as "either an express or implied voluntary and intentional relinquishment of a known and existing right." Thus, "[t]o constitute a waiver, the words or conduct of an insurer must be inconsistent with the intention to rely on the requirements of the pollicy." ... [H]owever, where waiver is implied from conduct, the act relied upon must be clear, unequivocal and decisive.

*National Tea*, 74 Ill.Dec. at 711, 456 N.E.2d at 213 (citations omitted). Focusing on the language of the letter and the competing bases for rejecting plaintiffs' proof of loss, the court concluded that the letter did not act as a waiver, and that the insurer should be allowed to raise plaintiffs' failure to preserve and maintain their building as an affirmative defense on retrial. *National Tea*, 74 Ill.Dec. at 711, 456 N.E.2d at 213.

The situation here is clearly distinguishable. The letter denying Grossman's claim did not mention the delay in filing a notice of claim, nor did it mention the thirty day notice requirement. In addition, the letter did not contain any express reservation of rights or defenses. Instead, it was simply a denial of Grossman's claim on the merits, based upon the absence of sufficient medical support. Furthermore, the letter expressly invited Grossman to submit any additional material which might better substantiate his claim. As a result, there exists an inference that "the words and conduct of [Minnesota Mutual was] inconsistent with the intention to rely on the [notice] requirements of the policy." *National Tea*, 74 Ill.Dec. at 711, 456 N.E.2d at 213.

Furthermore, we find unconvincing Minnesota Mutual's argument that the policy's waiver provision requires an opposite conclusion. That clause provides that "investigation of a claim, or our furnishing of claim forms, or our acceptance of your notice of claim and proof of loss shall not operate as a waiver of any our rights to defend any claim arising under this policy." Notably, however, this clause does not expressly cover the factual situation present before us, where the insurer has actually evaluated and denied the claim. As a result, we can not conclusively state that there was no waiver by Minnesota Mutual; rather, there remains a genuine issue of material fact with respect to this question. Judgment on the pleadings is therefore inappropriate.[3]

## IV. Conclusion

For the reasons set forth above, we deny defendant Minnesota Mutual Life Insurance Company's motion for judgment on the pleadings on Counts I and III of plaintiff's Amended Complaint. It is so ordered.

---

3. Given our resolution of the waiver issue, we need not reach Grossman's contentions that he actually complied with the notice requirement, or, in the alternative, that he should be excused from compliance with the notice requirement.