**Todd NOAH and Noah's Art, Inc., Plaintiffs,**

v.

**ENESCO CORPORATION, Defendant.**

**No. 94 C 3709.**

United States District Court, N.D. Illinois, Eastern Division.

Sept. 11, 1995.

Donald G. Weiland, Chicago, IL, for plaintiffs.

### MEMORANDUM OPINION

KOCORAS, District Judge:

This matter is before the Court on Defendant Enesco Corporation's motion for judgment on the pleadings and Plaintiff Noah et al.'s motion for summary judgment as to Counts III and IV of Plaintiff's complaint. In Counts III and IV of his complaint, Noah alleges unjust enrichment and seeks injunctive relief. For the reasons set forth below, the Court grants Defendant's motion and denies Plaintiff's motion.

### BACKGROUND

Plaintiff Noah is an artist who created several hand-made figurines called "New Beginnings", based upon his interpretation of the Biblical Noah's Ark story. Unlike the more common depictions of the story, Noah depicted the animals interacting with each other while leaving the ark, ready to make their new beginning after the flood.

Noah established Noah's Ark, Inc. to market his figurines. Realizing his lack of sophistication and experience in this area, Noah solicited the input and advice of several friends and industry insiders. In addition, Noah alleges that the Precious Moments visitor's center assured him that Precious Moments was not contemplating the production of figurines such as his, and ultimately referred Noah to Defendant Enesco.[1]

In December of 1991, Noah contacted Enesco, the country's largest marketer of giftware, in an attempt to negotiate a licensing agreement. During that meeting, the parties signed a non-disclosure agreement in which Enesco agreed in pertinent part:

> [T]o prevent disclosure of any artwork product ideas, concepts, data, packaging, and/or samples of products submitted by you [Noah; provided that such] ... ideas ... which are previously known to us, possibly even in the process of development by Enesco, or which are in the public domain are not subject to this Agreement.

Soon thereafter, Enesco sent Noah a draft license. In January of 1992, Noah sent Enesco more detailed figurines. On January 10, 1992, the parties entered into a written agreement which provided that Enesco would ship his figurines overseas for development of preproduction samples and costing. The agreement documented the parties understanding that the decision to license and produce the figurines was at Enesco's sole discretion.

After the samples were made, Enesco, at Noah's urging, displayed the figurines at its fall 1993 Pre–Show trade show. Enesco's Precious Moments line also introduced its new interpretation of the Noah's Ark story in its "Two by Two" collection at the same 1993 show. The Precious Moments' figurines resembled Noah's "concept", in that they both depicted the animals as an interacting pair, as opposed to individually. Noah contends that the certain characteristics of the Precious Moment's figurines resemble features of his figurines, such as the intertwined giraffe necks.

Plaintiff Noah's figurines received only minimal customer orders at that show, and Enesco advised Noah that it would not pursue a license. Noah alleges that Enesco incorporated his unique concept into their lines, made a large profit from these figu-

---

1. Precious Moments refers to a popular religious-theme line of figurines marketed by Enesco.

rines, and effectively closed him out of the market. As such, Noah filed a four count complaint against Enesco alleging both fraud, misappropriation of a trade secret, unjust enrichment and injunctive relief. Enesco has filed this motion for judgment on the pleadings as to Noah's unjust enrichment and injunctive relief counts. While Noah has filed a motion for summary judgment as to all counts, the Court will address Noah's motion only as it applies to Counts III and IV in this opinion.

## LEGAL STANDARD

Rule 12(c) of the Federal Rules of Civil Procedure allows for judgment on the pleadings when, while viewing the facts in the light most favorable to the non-moving party, it is beyond doubt that the non-moving party cannot plead facts in support of his cause of action. *United States v. Wood*, 925 F.2d 1580 (7th Cir.1991). In addition, "[a] party is entitled to judgment on the pleadings only if that party 'clearly establishes that no material issue of fact remains to be resolved and that he or she is entitled to judgment as a matter of law.'" *Grossman v. Minnesota Mut. Life Ins. Co.*, 842 F.Supp. 308, 309 (N.D.Ill.1993), citing *National Fidelity Life Ins. Co. v. Karaganis*, 811 F.2d 357, 358 (7th Cir.1987).

## DISCUSSION

### I. COUNT III UNJUST ENRICHMENT

In Count III of his complaint, Noah brings a claim for unjust enrichment. It is well established that unjust enrichment is an equitable concept based upon a contract implied in law. *HPI Health Care Services, Inc. v. Mt. Vernon Hospital, Inc.*, 131 Ill.2d 145, 137 Ill.Dec. 19, 24, 545 N.E.2d 672, 679 (1989). In Illinois, a plaintiff who alleges that a defendant has unjustly retained a benefit to the plaintiff's detriment, and that defendant's retention of the benefit offends the traditional notions of justice, equity and good conscience states a cause of action based upon unjust enrichment. *Id.; see also, Kenneke v. First National Bank*, 65 Ill.App.3d 10, 21 Ill.Dec. 945, 382 N.E.2d 309 (1978). The Illinois Supreme Courts has held that "[b]ecause unjust enrichment is based on an implied contract, 'where there is a specific contract which governs the relationship of the parties, the doctrine of unjust enrichment has no application.'" *People v. E & E Hauling, Inc.*, 153 Ill.2d 473, 180 Ill.Dec. 271, 283, 607 N.E.2d 165, 177 (1992) quoting *Brooks v. Valley National Bank*, 113 Ariz. 169, 548 P.2d 1166, 1171 (1976).

In the instant case, the relationship between Noah and Enesco was governed by a series of contracts. Specifically, the December 4th non-disclosure agreement encompassed the parties' confidentiality understandings and the January 10th agreement encompassed the parties' understanding as to whether Enesco would pursue the license. As such, the doctrine of unjust enrichment has no application in the instant case. Therefore, the defendant's motion is granted.

## COUNT IV INJUNCTIVE RELIEF

In Count IV of his complaint, Noah brings an action for injunctive relief. Enesco contends that it is entitled to judgment as a matter of law because a claim for injunctive relief is not a cause of action at all, but rather a remedy. In response, Noah merely sets forth the test for determining when a party is entitled to injunctive relief.

By its very name, it is apparent that injunctive relief is a remedy. Where a party has a legal right threatened by irreparable harm and there is no adequate remedy at law, a party may seek an injunction. Noah, however, fails to state a claim merely by stating that he is entitled to injunctive relief. An injunction is a remedy, not a cause of action. After resolution of the motions pending before it, the Court finds that Plaintiff asserts no claim upon which injunctive or any other type of relief may be granted. As Count IV fails to state a cause of action upon which relief may be granted, Defendant's motion for judgment on the pleadings is granted. Plaintiff's motion for summary judgment is denied.

## CONCLUSION

For the reasons stated above, Defendant's motion for judgment on the pleadings is

granted. Plaintiff's motion for summary judgment is denied.